## Robert L. Wilson v. Chicago City Railway Company.

### Gen. No. 13,239.

1. NEGLIGENCE—*when motorman not guilty of.* A motorman cannot reasonably be expected to anticipate that boys standing upon the street watching a fire would suddenly run behind a car coming in the opposite direction and into collision with the car of which he is in control.

2. NEGLIGENCE—*when particular speed not.* A speed of ten miles an hour is not negligence where it was the customary speed at the place of the accident.

Action in case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 18, 1907.

SCHOOLER, KELLER & PIGGOTT, for appellant; SAMUEL J. HOWE, of counsel.

WILLIAM J. HYNES and GEORGE W. MILLER, for appellee; MASON B. STARRING, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant, a minor, sued appellee, by his next friend, for personal injuries occasioned, as he alleges, by appellee's negligence. The material facts in the case are substantially as follows:

Wentworth avenue, a public street of the city of Chicago, lies north and south, and 71st and 72nd streets, in said city, are east and west streets, and cross Wentworth avenue at right angles. The appellee owns and operates cars on two tracks in Wentworth avenue. The east of said tracks is the north-bound, and the west one the south-bound track.

28

The distance between the west rail of the south-bound track and the west curb wall of the street is about 13 feet. The appellant was, at the time of the accident, about nine years old, and lived with his father, sister and grandmother at number 7137 Wentworth avenue, on the east side of the street, about 300 feet north of 72nd street, and about half way between 71st and 72nd street, and had lived on the avenue for four and one-half years. He had been attending school, after leaving the kindergarten, about three years before the accident, and knew that the cars ran north and south on Wentworth avenue, and of the risk of getting in their way. The accident occurred about four o'clock in the afternoon of March 14, 1903, at a place on Wentworth avenue about half way between 71st and 72nd streets.

Just prior to the happening of the accident, appellant was on the west side of Wentworth avenue with three other boys, watching a fire of dry leaves which was in the gutter or space between the sidewalk and the curb. He says it was cold and he had only a sweater on, and turned to go home across the street, and when he turned there was a car coming from the north, moving south, which was pretty close, and he started on a fast walk and, when he arrived to within a yard of the west track, he stopped to let the south-bound car pass, and when it passed he went across the south-bound track, walking fast, just as he had walked from the curb, and that, as the rear end of the south-bound car passed, he hurried across the track behind it and was struck by the north-bound car.

Witnesses called by appellant, who were with him at the fire on the west side of the street, and who saw the accident, testified as follows:

Henry Patten: When he started from the curb he went on a walk or run—a fast walk. When he got to the west track, the front of the south-bound car was about even with him, and as soon as the rear end of that car had passed, he started right over on a fast walk, and had just time enough to cross the track, and into the space between the two tracks, when he and the north-bound car came together. He was

about a foot ahead of the car and his distance from it was so short that the length of time it took the car to travel it was not perceptible. It happened "like the snap of your finger."

Q. "Wasn't the north-bound car almost upon him as he went over the space between the two tracks?"

A. "Well, it was just near enough to him, so that when he reached the west rail of the north-bound track the car struck him."

Bernard O'Dell: "When he started to cross the street he started on a fast walk." He stepped out from behind the south-bound car and stepped in front of the north-bound car, and the front part of the car, nearly at the west side, hit him.

Wilson L. Henry: "When the rear end of the car got out of his way, he started right over on a fast walk."

Robert Brownlee, who was one of the boys with appellant at the fire, called by appellee, testified: "He started to go in a kind of a little trot. When he saw the car going south he slowed up and went around the back of it. He was going quite slow, walking, and, when that car passed him, he started east in a little trot. He went over the track about two or three feet behind the south-bound car. I saw the car hit him."

The evidence is that the north-bound car was running not to exceed ten miles per hour, and at the usual rate of speed when about the middle of a block. Some of appellant's witnesses testified that they heard the gong on the south-bound car ring, and some of them that they did not hear the gong on either the north-bound or south-bound car ring; but three witnesses, who were on the north-bound car, testified that the gong on that car was ringing as it approached the south-bound car. It appears from uncontradicted evidence that Charles E. Phillips, the motorman of the north-bound car, did all in his power to stop the car when he saw appellant near the track, but found it impossible, under the circumstances, to do so in time to prevent the accident. He testified: "As my car came into the block from 72nd street

I noticed some boys at the side of the street, near the curb-stone; they were on the west side of the street, within a foot of it; not over two feet away from it. I remember another car passing in the block there; as I came up to the south-bound car I rang the bell. On approaching, from the time the south-bound car shut out my view, the boys were stand-ing there and the last I could see, as the south-bound car was going south, about even with our vestibule. We were going north. The boy shot right close behind the other car into the front vestibule of our car, going north—about six feet. When I saw the boy, as he came across that track, I tried to stop it and threw on the air. I was ringing the bell, and as quick as I seen him I hit the bell as hard as I could with my foot, and threw my other foot over on the sand—threw the sand on the rail, so it wouldn't slide, and applied the air. That was all I could do. He collided with the west side of the front vestibule of the car; he ran into the car; my car ran about sixty feet before it stopped." He further testi-fied: "At the instant I saw him, and saw what he was doing, the front end of my car wasn't over three feet from him. I passed the south-bound car just about even with the boys over by the curbstone."

Reinhàrt Post, conductor of the north-bound car, testified that he was inside the car collecting fares at the time of the accident, and heard the gong ring, but didn't see the col-lision between the boy and the car, and that the first thing which attracted his attention that something was about to happen in front, was the sudden setting of the brakes. The appellant was not struck by the fender or front part of the car, and the evidence varies as to whether he came in contact with the rounded northwest corner of the car or the side of the car a little south of that corner; but the effect of the collision was his being thrown a little to the northwest, into the space between the two tracks. The evidence tends to show that he was seriously injured. He says, in his testi-mony: "I do not think I got more than six inches from the first rail of the north-bound track when the car and me

came together." In fact, the weight of the evidence is that he ran against the car instead of the car against him.

The court, on motion of appellee, at the close of all the evidence instructed the jury to find the defendant not guilty, which the jury did, and judgment was rendered on the verdict, after overruling appellant's motion for a new trial.

Counsel for appellant, apparently waiving all other questions, devote their argument to the proposition that, whether the appellant was or not guilty of contributory negligence is a question of fact which the court erred in not submitting to the jury. Appellant, however, was bound to prove not only that he was not guilty of negligence which contributed to the accident, but that the appellee was guilty of negligence which was the proximate cause of the accident. Appellee, certainly, did not owe to appellant more than ordinary care, and our conclusion from the evidence is that appellee cannot be charged with any want of ordinary care in the premises, and that the accident, in view of appellant's conduct, could not have been avoided by appellee, in the practical operation of its car. The motorman of the north-bound car could not have anticipated that any of the boys whom he saw at the fire, on the west side of the street, would run across the street from behind the south-bound car and risk collision with his car. The law does not require anticipation of conduct so unusual and extraordinary. Rack v. Chicago City Ry. Co., 173 Ill., 289; Chicago Union Trac. Co. v. Browdy, 206 ib., 615; W. C. St. R. R. Co. v. Schwartz, 93 Ill. App., 387, 395, et sequens.

The preponderance of the evidence is that the gongs of both cars were ringing; but whether they were or were not is immaterial, as there was no occasion for the ringing of the bell. on the north-bound car, in the middle of the block, there being no apparent reason to anticipate danger to any person on the track. It is not averred in the declaration, nor contended by counsel for appellant, that the rate of speed of the north-bound car was excessive; neither can it be reasonably so contended. The accident occurred about the middle of the block between 71st and 72nd streets, and the evi-

dence is that the rate of speed was about the usual speed there, and not exceeding ten miles per hour, and negligence cannot be predicated on this evidence. Ackerstadt v. C. C. Ry. Co., 194 Ill., 616, 624; N. C. St. R. R. Co. v. Canfield, 118 Ill. App., 353; Rack v. Ry. Co., *supra*, p. 294, and cases cited.

Had it not been for the action of appellant in the premises, the accident would not have occurred. His conduct rendered the accident unavoidable by appellee. The facts of the case are so conclusive against a recovery that, had the verdict been for appellant, the court would have been compelled to set it aside and grant a new trial, which would have been merely a waste of time, and the court properly directed the jury to find for the defendant.

The judgment will be affirmed.

*Affirmed.*