## Charles Koehler, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 16,049.

1. INSTRUCTIONS—*test of propriety of giving peremptory instruction for defendant in personal injury case.* The determining test upon this question is whether or not the evidence with all reasonable inferences to be drawn from it, fairly tended to prove plaintiff's case and was sufficient to warrant a verdict in his favor.

2. CONTRIBUTORY NEGLIGENCE—*when question of law.* Where the undisputed evidence shows that the plaintiff is guilty of contributory negligence the question becomes one of law and it is the duty of the trial court to direct a verdict for the defendant.

3. CONTRIBUTORY NEGLIGENCE—*who may be guilty of.* A boy ten years old may be guilty of such contributory negligence as to bar his recovery for injuries caused by the negligence of another.

4. CONTRIBUTORY NEGLIGENCE—*when minor guilty of.* A child of the age of ten years who is struck by a street car by reason of his failure to watch out for an approaching car while he is crossing the street is guilty of such contributory negligence as will bar a recovery.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. WILLARD M. MCEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of facts. Opinion filed December 22, 1911.

JAMES G. CONDON, for appellant; IRWIN I. LIVINGSTON, of counsel.

COBURN & CASE and OSSIAN CAMERON, for appellee; DAVID T. ALEXANDER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

Plaintiff, Charles Koehler, a minor, appellee, had judgment in the Superior Court in an action on the case for personal injuries sustained in running behind one car and being struck by another car of the defendant company, appellant, passing in the opposite

direction on adjacent tracks. The accident happened August 30, 1904, at a place where Forty-eighth street, if it ran through, would intersect Wentworth avenue, in the city of Chicago.

The plaintiff, who was then a boy of ten years old, in company with another boy about eight years old, named John Connors, after having been to a shoemaker shop on an errand walked along the west side of Wentworth avenue to the south side of Forty-eighth street. The defendant operates a double track line of street cars on Wentworth avenue. When the boys arrived at the south side of Forty-eighth street a car was approaching from the north on the west track. The Connors boy, leaving the plaintiff at the southwest corner, turned east to cross over to the east side of Wentworth avenue, crossing the street before the arrival of the southbound car, and then proceeded south on the east side of the avenue, and did not see the accident. The plaintiff did not attempt to cross over to the east side of the street until the car passed and then started to cross the tracks immediately behind the car. The evidence is conflicting as to whether or not the southbound car stopped at this place. As the plaintiff ran from behind the southbound car on to the east or northbound track he was struck by a car passing north on the east track and injured.

The declaration consists of two counts. The first count alleges that the defendant was operating a street railroad along Wentworth avenue, at or near a point where Forty-eighth street would be if extended across Wentworth avenue, and while the plaintiff with all due care and diligence for one of his age was then and there crossing said street railroad, the defendant by its servants so carelessly and improperly managed the said car that by and through the negligence of the defendant in not giving any warning by the ringing of a bell or otherwise of the approach of the northbound car, the northbound car then and there struck with

great force and violence against the plaintiff and he was injured. The second count alleges the same conditions as are alleged in the first count and differs only in the charge of negligence. It alleges that the defendant, by its servants, so carelessly and improperly managed its car that by and through the negligence of the defendant in starting its car at a high and dangerous rate of speed and in not stopping its car, it ran into and struck the plaintiff.

At the close of the plaintiff's evidence the defendant entered its formal written motion requesting the court to strike out the evidence, and to instruct the jury to find the defendant not guilty; and also entered two other formal written motions, one requesting a directed verdict as to the first count, and the other requesting a directed verdict as to the second count. The court denied each one of these motions, and the defendant duly excepted.

At the close of all the evidence in the case the defendant renewed all three of the motions. The court thereupon denied a motion for a directed general verdict and the motion for a directed verdict as to the first count and granted the third motion, taking the case away from the jury as to the second count; consequently the only charge of negligence left upon which to base the verdict and judgment is the charge of failure to ring the bell or give warning.

The plaintiff called three witnesses besides himself. Two of these, the physician and plaintiff's father, testified only to the injuries. The third was John Connors, the eight year old boy companion who went with the plaintiff to the shoemaker's, but who left the plaintiff on the west side of Wentworth avenue, crossed Wentworth avenue before the arrival of the southbound car, and kept walking straight ahead south on the east side of the avenue. He did not again look around or see the plaintiff until he had reached Forty-eighth place, a short block distant, when he looked

around and saw the plaintiff lying on the ground behind the car. He did not see the accident, and upon the motion of the defendant all of his testimony as to what the plaintiff did, and as to plaintiff's position after the time they separated on the west side of the avenue until he saw the plaintiff lying on the ground after the accident, was stricken from the record; consequently the only parts of his testimony that threw any light on the case are the following: He saw the southbound car coming.    He saw the northbound car before it came to the place where plaintiff was hit.  He was in the middle of the block between Forty-eighth street and Forty-eighth place when the northbound car passed him.  He does not remember whether the bell on either of the cars rang, or that they made any noise.  He saw the plaintiff lying on the east side of the car about a couple of feet south of where he himself had crossed the avenue.    With the exception of these matters the plaintiff's case rests entirely on his own testimony.

After testifying to what is above stated took place up to the time of their arrival at the southwest corner of Wentworth avenue and Forty-eighth street, the plaintiff testifies that the southbound car was then approaching and his companion crossed over in front of it and was already across the street when the car passed.  Plaintiff waited until the car came up, and stopped at the south side of Forty-eighth street, and some one got off.  When he last saw Connors he was on the east side of the street, walking south slowly. He testifies:

"When I started across the street I was walking toward the street car that was standing still. * * *  I stood there while the car was coming.  It came up and stood still and someone got off.  While I was standing there. I did not see the car that was going north. I never looked in that direction. I knew that street cars ran north and south on Wentworth avenue at that time.  I knew that the cars that went down-

town ran on the east tracks and that the cars going south toward Sixty-third street, or Forty-ninth street, went on the west tracks. * * * When the car started up I was about three feet back of it and then I ran across just as the car started up and I ran right into the corner of the car that was just going the other way, and was knocked down.''

He says that he did not hear the bell. His evidence further shows that he lived only one block distant from the place of the accident and had lived there for four years, going to school all the time, and that he was accustomed to take the Wentworth avenue cars at Forty-eighth place. This is in substance the whole of plaintiff's case, with the exception of the evidence as to the extent of the injuries.

It is urged on behalf of appellant that the plaintiff's case as made out by his evidence was not sufficient to warrant the trial court in submitting the case to the jury. This question is one of law raised by the overruling of defendant's written motions for a directed verdict at the trial. The determining test upon this question is whether or not the evidence with all reasonable inferences to be drawn from it, fairly tended to prove plaintiff's case and was sufficient to warrant a verdict in his favor. Libby, McNeil & Libby v. Cook, 222 Ill. 206, 210, 213.

Where the undisputed evidence shows that the plaintiff is guilty of contributory negligence the question becomes a question of law and it is the duty of the trial court to direct a verdict for the defendant. North Chicago Street Railway Co. v. Cossar, 203 Ill. 608.

The evidence shows that the plaintiff at the time of the accident was ten years old. A boy ten years old may be guilty of such contributory negligence as to bar his recovery for injuries caused by the negligence of another. Chicago Union Traction Company v. McGinnis, 112 Ill. App. 177, 178; Wilson v. Chicago City Railway Co., 133 Ill. App. 433, 437.

As said by Mr. Justice Adams in the Wilson case, *supra,* which was an action brought by the appellant in that case who was nine years old, and was injured by a street car on Wentworth avenue under circumstances similar to those shown by the evidence in this case: "Had it not been for the action of appellant in the premises the accident would not have occurred. His conduct rendered the accident unavoidable by appellee. The facts of the case are so conclusive against a recovery that had the verdict been for appellant the court would have been compelled to set it aside and grant a new trial, which would have been merely a waste of time, and the court properly directed the jury to find for the defendant."

We are unable to discover any facts disclosed by the evidence in this case which show any excuse on the part of the plaintiff for failing to look toward the south in an attempt to discover the car which struck him. He ran rapidly from behind the southbound car against the northbound car which was passing at the time, without looking, and did not see the car until he was struck. "A jury without evidence of conditions or circumstances which excuse looking, where looking would disclose the danger, is not warranted in finding that such failure to look is not negligence." I. C. R. R. Co. v. Batson, 81 Ill. App. 142, 153, and cases there cited.

We are unable to find any evidence in the plaintiff's testimony of the existence of any circumstances or conditions that excuse the plaintiff from looking to the south as he passed from behind the southbound car. His direct evidence that he did not look where looking was possible and would have disclosed the danger, convicts him of such contributory negligence as prevents a recovery. L. St. El. R. R. Co. v. Gormley, 108 Ill. App. 59, 63.

In our opinion, the trial court erred in overruling the defendant's written motion for a directed verdict

at the close of the evidence, and the judgment is therefore reversed with a finding of fact. It is unnecessary for us to discuss the question of defendant's negligence or want of negligence, or the errors in instructions argued in the briefs.

*Reversed with finding of facts.*

MR. PRESIDING JUSTICE BALDWIN took no part in the consideration of this case.