Helen von Holland, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 14,555.

1. CONTRIBUTORY NEGLIGENCE—*in attempting to cross street car tracks.* *Held*, under the evidence in this case, that the plaintiff was guilty of contributory negligence in attempting to cross the defendant's street car track in front of an approaching car.

2. CONTRIBUTORY NEGLIGENCE—*effect of failure to look.* If one seeking to cross street car tracks in front of an approaching car fails to look in the opposite direction, contributory negligence does not follow as a matter of law, but such conduct is negligence in fact if there were no conditions or circumstances which excused such person from looking.

3. CONTRIBUTORY NEGLIGENCE—*when verdict of jury not conclusive.* If there was a conflict of testimony on the issue of contributory negligence, and there was evidence, if considered alone, sufficient to sustain the verdict, the finding of the jury might be conclusive; but where there is no evidence tending to show care and caution, and no excuse or reason shown for their absence, the allegation in the declaration of due care and caution is not proved. The affirmative allegation of due care and caution being a material allegation, not proved, an instruction to find for the defendant should be given.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. SOLON PHILBRICK, Judge, presiding.

von Holland v. Chicago City Railway Co., 148 App. 320.

Heard in the Branch Appellate Court at the March term, 1908. Reversed with finding of facts. Opinion filed May 11, 1909. Rehearing denied May 25, 1909.

S. S. PAGE and C. LEROY BROWN, for appellant; JOHN R. HARRINGTON, of counsel.

KRUSE & PEDEN and OREB T. CRISSEY, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This appeal from a judgment of $2,000 in favor of appellee against appellant presents the question whether appellee was guilty of contributory negligence in attempting to cross appellant's street car track in front of an approaching car.

There were two car tracks on Halsted street. Appellee was struck by a north-bound car operated by appellant on Halsted street at its intersection with Sixty-first street in the city of Chicago, on February 14, 1904. Miss von Holland was a school teacher and had come from her school three blocks west of Halsted street. When she reached the northwest corner of Sixty-first and Halsted streets, she saw a north-bound car approaching at about Sixty-first place which she intended to take. Another car was approaching from the north. After she stepped into the street she stood near the curb awaiting the passage of the south-bound car. As soon as it had passed, appellee says she walked rapidly across the street behind it and was struck by the north-bound car, sustaining the injuries for which she seeks in this action to recover damages.

The testimony of Miss von Holland, appellee, is fair and honest, and is corroborated by other witnesses. On her direct examination she testified: "As I stood on the corner there and looked out for the oncoming car, I saw one coming north near Sixty-first place. * * * Before going over I looked south once and still saw the car that I had seen before. Before passing behind the south-bound car I lifted my skirts

but did nothing else.    *    *    *    As I passed behind the south-bound car I swerved slightly to the north and continued going east a few feet.  I don't recall what happened after that.  I don't remember the sight of the car that struck me.  I didn't hear a bell before or as I was crossing Halsted street behind the south-bound car.  As I walked east over Halsted street I walked at a pretty rapid walk in the street.''

On cross-examination the appellee testified that when she arrived at the corner she saw the south-bound car approaching the north walk of Sixty-first street, twenty feet north of it; at the same time she saw the car coming north rapidly near Sixty-first place, although she would not undertake to say within one hundred feet of where it was.  There was nothing to interfere with her vision of the north-bound car.

The evidence shows that the distance from curb to curb on Halsted street at this point was fifty-one and one-half feet.  The distance from the west curb to the west rail was eighteen feet; the distance from the west rail of the west track to the east rail of the east track was fourteen feet five inches.  Sixty-first street at this point was sixty-five feet six inches from building line to building line; the distance from the south curb of Sixty-first street to the north curb of Sixty-first place, the next street south, was 298 feet.  As appellee stood by the curb, waiting for the south-bound car to pass, she was, therefore, about seventeen feet from the track.  In covering this distance and passing to the rear of the south-bound car and upon the north-bound track, she walked rapidly.  She says she did not look toward the car which struck her when she was between the two tracks and did not realize it was there.  She was bound, she says, to cross the car track.  She was hurrying to get the first car that was visible to her in order to get down town quickly.

With reference to the movements of the north-bound car, L. E. Brown, who testified the most clearly of any of plaintiff's witnesses, and was standing on the north-

west corner of the streets near appellee, stated that while appellee was standing waiting for the south-bound car to pass, he saw the north-bound car about fifteen feet south of the south cross-walk of Sixty-first street, and that it was then running faster than a man ordinarily walks, but that from that time on it slackened its speed. Appellee's witness Holcomb, who was standing on the northeast corner of the streets, also locates the north-bound car at the same place at that time. He did not think there was any change in its speed from the south cross-walk to the time of the collision. Appellee's witness Ballard located the north-bound car a little south of the south cross-walk when appellee started to cross the street.

Appellee, according to the testimony of Brown, deviated to the north as she went across the street in order to get around the rear of the south-bound car. Holcomb states that she did not leave the cross-walk as she was going over the tracks. Dorothy De Groot says appellee "passed right behind the rear end of the south-bound car and went straight east, walking quite fast."

From the testimony of appellee, herself, and that of her witnesses, it appears that she knew that the north-bound car which struck her was approaching rapidly; that she had an unobstructed view of it, and looked at it twice before she attempted to cross the tracks, and, although she stopped to permit the south-bound car to pass, she walked rapidly behind it and upon the track of the approaching car, without making the slightest effort to ascertain whether the car was near at hand before going upon its track.

If, by the exercise of ordinary care on her part, appellee could have seen the approach of appellant's north-bound car as she emerged from behind the south-bound car and approached the track on which the car was running, then the law made it her duty to see the car, and if she failed in such duty, as we think she did, her failure would bar a recovery. C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 149. Her failure to look to the

south in the direction from which she knew the car was approaching as she emerged from behind the south-bound car and before she stepped upon its track, if not in law negligence *per se,* was negligence in fact, for there were no conditions or circumstances, according to the evidence, which excused her from looking. "A jury, without evidence of conditions or circumstances which excuse looking, where looking would disclose the danger, is not warranted in finding that such failure to look is not negligence." I. C. R. R. Co. v. Batson, 81 Ill. App. 142, 153, and cases there cited; Chicago City Ry. Co. v. Cotter, 141 *id.* 101.

We are unable to find any evidence in the record of the existence of any circumstances or conditions that excused appellee from again looking to the south for the approaching car which she knew was coming, and which she expected to board, before she stepped upon the north-bound track. The south-bound car had moved away from her some little distance as she passed behind it, thus opening a clear space between her and the approaching car so that it was in plain sight before she reached the north-bound track. Nevertheless appellee moved on toward the east track without halting or looking. "This was negligence of the most pronounced sort." Hornstein v. United Railways, 195 Mo. 440; Doty v. Detroit Citizens Ry. Co., 129 Mich. 464; Baltimore Traction Co. v. Helms, 84 Md. 515; Lee v. Chicago City Ry. Co., 127 Ill. App. 510; Smith v. Chicago Ry. Co., 86 Ill. App. 647.

If there was a conflict of testimony on this issue of contributory negligence, and there was evidence, if considered alone, sufficient to sustain the verdict, the finding of the jury might be conclusive. But where, as in this case, there is no evidence tending to show care and caution, and no excuse or reason shown for their absence, the allegation in the declaration of due care and caution is not proved. The affirmative allegation of due care and caution being a material allegation, not proved, the instruction to find for defendant should have been given. Lake Shore & M. S.

R. R. Co. v. O'Connor, 115 Ill. 254; Rack v. Chicago City Ry. Co., 173 *id.* 291.

We find no evidence in the record tending to show wilful or wanton negligence on the part of appellant, and it is therefore unnecessary to examine the proof of negligence of the appellant.

We think that upon her own testimony appellee did not exercise ordinary care for her own safety, but that she was guilty of negligence which directly contributed to her injury, and the judgment must therefore be reversed with a finding of facts.

*Reversed with finding of facts.*