### William Burke, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,928.

1. CONTRIBUTORY NEGLIGENCE—*when person crossing behind street car guilty of.* One who crosses behind a street car looking towards a car coming in the same direction as the one behind which he is crossing, without giving heed to a car coming from the opposite direction on the track which he was about to cross, is, if struck by the car coming from such opposite direction, guilty of such contributory negligence as will bar a recovery.

2. CONTRIBUTORY NEGLIGENCE—*when minor may be guilty of.* A boy of average intelligence, of the age of twelve years, is bound to exercise at least such care and caution for his own safety as one of his age, intelligence, capacity and experience would exercise under similar circumstances.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed with finding of fact. Opinion filed March 18, 1910.

JOHN E. KEHOE, and WATSON J. FERRY, for appellant; JOHN R. HARRINGTON, of counsel.

H. J. TONER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This appeal is prosecuted to reverse a judgement of the Superior Court in favor of the plaintiff for $1,000 damages for personal injuries alleged to have been sustained as a result of being struck by one of the defendant's electric street cars at or near the intersection of South Halsted and Thirty-seventh streets in the city of Chicago, on March 7, 1904.

The declaration contains three counts.

The negligence averred in the first count of the declaration is that while plaintiff was crossing South Halsted street at its intersection with Thirty-seventh street, with all due care and caution for a child of his years, the defendant, by its servants, so carelessly, negligently, improperly, wilfully and wantonly drove and managed its car that by and through the negligent, improper and wanton conduct of the defendant, by its servants in that behalf, the car struck with great force and violence against the plaintiff, who was thereby knocked down to and upon the ground with great force and violence and suffered the injuries complained of.

The negligence averred in the second count is that the defendant's car was driving at a high, dangerous, improper and reckless rate of speed, and that no proper or sufficient signal or warning of its approach was given; and that charged in the third count is that the defendant negligently, wilfully and wantonly failed to equip its car with fenders of steel of the basket kind and failed to attach the said fenders to the front of its car so as to guard pedestrians and passengers from being injured or thrown under the wheels of its car in case of collision.

The evidence shows that South Halsted street lies north and south and that Thirty-seventh street runs east and west into South Halsted street from the west,

but does not cross it at that point, its south line being, as the witnesses testify, about two hundred feet north of the point where it runs out of South Halsted street to the east. Defendant operates two tracks on Halsted street. The northbound cars pass over the easterly and those going south over the westerly of the tracks.

From the evidence it appears that the plaintiff was born August 10, 1892, so that at the time of the accident he was about eleven years and seven months of age; that he had attended school continuously from the time he was seven years old, and when the accident occurred he was in the sixth grade of the public schools of Chicago. At the time of the accident his home was at 926 West 38th street, about half a block from Halsted street, and that had been his home as far back as his memory reached. During all that time he had knowledge that electric street cars were running in Halsted street, that those going north passed on the east and those going south on the west track, and knew their character, the manner in which they were propelled and the frequency with which they ran. In those years he had been accustomed to play in Halsted street, and on occasions "flipped" on and off moving cars.

From his testimony it appears that he left his home on the evening of the accident at about half past seven o'clock, and walked to 39th street, where he met Johnnie Hickey and Mike Daugherty, two of his boy friends, and that after remaining at 39th street for a while, the three boys got upon the fender at the rear end of a northbound car to ride north, plaintiff intending to get off at 37th street. When the car was at or near to where 37th street runs west from Halsted he jumped off and, as he says, took three or four steps towards the west and was struck by a southbound car, which he says he neither saw nor heard until it was "on top" of him.

The testimony of all the witnesses who saw the oc-

currence is to the effect that he jumped from the fender and suddenly appeared from behind the car and attempted to cross the track in front of the southbound car when it was so near him that it would have been impossible to have brought it to a stop before hitting him had it been moving at the slowest possible speed.

There is an apparent conflict in the testimony of the witnesses as to the speed of the southbound car at the time it struck the plaintiff, but in view of the fact that no evidence was offered in the case tending to show wilful and wanton negligence on the part of the defendant, we deem it unnecessary to examine the proof of negligence as to the defendant. The real question presented by the record is whether the plaintiff was guilty of contributory negligence in attempting to cross defendant's street car track in front of the approaching car.

It appears from the undisputed evidence that the plaintiff was riding upon the east side of the fender, the other boys being on the fender west of him, Daugherty being on the west side of the fender and Hickey in the middle of the fender. They rode to about 37th street and at that point the plaintiff, while the car was in motion and without asking the conductor to stop it or informing him that he desired to get off, jumped off the fender and in doing so "jumped clear outside of the track" on the east side, and then turned to the east, and was walking across to the west side of the street. He walked three or four feet, according to his testimony, and was struck by the car. The testimony of witnesses on behalf of both parties is to the effect that he stepped out from behind the northbound car, and was struck almost instantly by the southbound car which was at that time passing the northbound car. There is a controversy in the evidence as to whether he was struck by the center of the forward end of the car or by the southeast corner of the car. From the evidence in the case, and more particularly from the

fact that the plaintiff was thrown 30 or 40 feet to the east and south, we are inclined to the opinion that he was struck by the corner of the car, and that he had not progressed as far as the center of the track before he was struck.

It apears from the evidence that the plaintiff did not look for the southbound car or exercise any care or give any attention to the fact that a car might be passing south at that moment, but as he walked towards the west across from behind the northbound car he was looking, according to the witnesses and his own testimony, to the south, observing a northbound car which was following the one upon which he had been riding, and to the east where one of the boys' was standing. Upon this point there seems to be no dispute in the record.

We are of the opinion that the plaintiff. cannot recover in this action because the evidence shows that his conduct contributed to the injury which he received. At the time of the accident he was nearly twelve years of age and was bound to exercise at'least such care and caution for his own safety as one of his age, intelligence, capacity and experience would exercise under similar circumstances. Chicago City Ry. Co. v. Tuohy, 196 Ill. 410; I. C. R. R. Co. v. Jernigan, 198 id. 298; I. C. R. R. Co. v. Johnson, 221 id. 42; L. E. & W. R. R. Co. v. Klinkrath, 227 id. 439.

The evidence shows that the plaintiff was a boy of perhaps more than the average general intelligence. This may be inferred from the fact that he. had attended school for four years before the accident and was in the sixth grade; and from his knowledge and experience of street railway tracks and the operation of cars over them; and from the fact that he lived within half a block of the street car line for all or the greater part of his life, and that during all that time he had observed the street cars running on Halsted street and knew their character and about how fast they traveled, and that those going north passed over

the east and those going south over the west track, it may be inferred that he was well informed as to such matters. He also knew that at the point where the accident occurred they passed in both directions at frequent intervals and that he had full knowledge of the circumstances and what was necessary and proper for him to do or refrain from doing to protect himself from injury by them. By his own statement it appears that he was able to jump on and off the cars while they were in motion and that he had done so on occasions before he was injured. He testifies that when he stepped upon the south-bound track, "I was looking at another car that was coming north and looking at Mike Daugherty at the same time. He was on the east side of the street about thirty or forty feet east from me." This makes very clear his negligence and that it contributed to the injuries which he received.

If by the exercise of ordinary care on the plaintiff's part he could have seen the defendant's southbound car as it emerged from behind the northbound car as it approached the track on which the car was running, then the law made it his duty to see the car, and if he failed in his duty, as we think the evidence shows he did, his failure bars a recovery. C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 149.

His failure to look to the north, in the direction from which he knew a car might be approaching as he emerged from behind the northbound car and before he stepped upon the track of the southbound car, if not in law negligence *per se* was negligence in fact, if there were no conditions or circumstances which excused him from looking. "A jury, without evidence of conditions or circumstances which excuse looking, where looking would disclose the danger, is not warranted in finding that such failure to look is not negligence." I. C. R. R. Co. v. Batson, 81 Ill. App. 142, 153, and cases cited; Cotter v. Chicago City Ry. Co., 141 *id.* 101.

We are unable to find any evidence in the record of

any circumstances or conditions that excuse plaintiff from looking to the north for an approaching car before he stepped upon the track upon which he knew such a car would be running.

The undisputed evidence in the case is that the north-bound car, upon the fender of which the plaintiff was riding, did not stop at 37th street, and that the plaintiff jumped from the fender while the car was in motion and the car continued on its way; that after jumping from the car he walked to the west upon the southbound track, without halting or looking. Such conduct on his part was contributory negligence of the most pronounced sort.

In view of the fact that to entitle the plaintiff to recover it was necessary for him to show not only that the defendant was guilty of the negligence averred in the declaration or one of its counts, but that he himself was in the exercise of such care and prudence as one of his age, intelligence, capacity and experience would have exercised under similar circumstances we think the trial judge was not justified in submitting the case to the jury. There is upon this question no conflict in the evidence. Chicago Junc. Ry. Co. v. Reinhardt, 139 Ill. App. 59; Allen v. Western Elec. Co., 131 *id.* 118.

We think, upon the evidence in the case, that the plaintiff did not exercise ordinary care for his own safety but that he was guilty of negligence which directly contributed to his injury. The judgment must therefore be reversed, with a finding of fact.

*Reversed with finding of fact.*