## Daniel M. Healy, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 16,050.

1. CONTRIBUTORY NEGLIGENCE—*what tends to establish.* Evidence which merely tends to show that the plaintiff's intestate made no effort to exercise care for his own safety until it was too late to avoid danger, amounts to a failure on his part to exercise due care for his safety.

2. CONTRIBUTORY NEGLIGENCE—*what does not avoid imputation of.* One who negligently rushes into a place of danger cannot, when injured, avoid the consequences of such negligence by showing that he attempted to escape when escape was impossible.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the HON. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with a finding of fact. Opinion filed January 17, 1912. Rehearing denied February 2, 1912.

JAMES G. CONDON, for appellant; IRVIN I. LIVINGSTON, of counsel.

THOMAS J. HEALY and DANIEL M. HEALY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for the alleged wrongful killing of appellee's intestate, Abraham Nevills, wherein, a trial by jury in the circuit court resulted in a verdict and judgment against appellant for $7,000. The negligence charged in the declaration is that the servants of appellant so carelessly and improperly drove and managed a street car operated on Halsted street, at the crossing of Forty-second street, that it ran over and upon and struck appellee's intestate.

While the evidence relating to some matters of minor importance is in conflict, it clearly and indisputably establishes the following material facts. At about 5:30 o'clock in the evening of December 22, 1904, Nevills, while on his way to his work at the establishment of Libby, McNeill & Libby, located west of Halsted street and north of Forty-second street, was seen at the southeast corner of said streets. It was dark, rain was falling and a brisk westerly wind was blowing. Immediately after a north bound car on Halsted street had passed said corner, Nevills started to cross the intersection of said streets, walking hurriedly in a northwesterly direction, with his body inclined in that direction and his head down. He thus crossed the east or north bound track and proceeding reached the east rail of the west or south bound track at a point about midway of the intersection of said streets, when he was struck by the fender of an approaching south bound car and thrown to the ground. His clothing became entangled in the fender and he was dragged a distance of about 50 feet, and died from the injuries thereby sustained. The south bound car was being operated at a speed of from six to eight miles an hour. The car was lighted inside and a small light was burning in the

upper part of the front vestibule. A clear preponderance of the evidence tends to show that, as the car traveled south, and while approaching and crossing Forty-second street, the motorman rang the gong at short intervals. The motorman and the passengers in the front vestibule of the car, first observed Nevills a distance of six or eight feet in front of the car, as he came into view after the north bound car had proceeded a sufficient distance to enable them to do so, and the passengers shouted warnings of danger and the motorman applied the brakes. The witness, Mason, called on behalf of appellee, testified upon cross examination and again upon his re-direct examination that Nevills was facing east when he first saw him, and that was "right at the time when he got hit," and appellee insists that this testimony tends to show that the deceased was then attempting to retrace his steps so as to avoid the car, and that in so doing he was in the exercise of due care for his safety. Such inference is not properly deducible from this testimony. If true, it merely tends to show that the deceased made no effort to exercise care for his safety until it was too late to avoid the danger, which, in effect, amounted to a failure on his part to exercise due care for his safety. One who negligently rushes into a place of danger cannot, when injured, avoid the consequences of such negligence by showing that he attempted to escape, when escape was impossible. The testimony of the witness, Mason, on his direct examination is not, however, wholly consistent with his statement that the deceased was facing east when he was struck, for on his direct examination he testified unequivocally that he did not see the deceased until after he was struck.

It would serve no useful purpose to review in detail the testimony of the several witnesses called by the respective parties. We have read and considered

the same with the deliberation which the importance of the issues involved demands, and are fully persuaded that the deceased was guilty of such contributory negligence as bars a recovery. There is not in the record a scintilla of evidence tending to show that before and at the time the deceased was struck by the car he was in the exercise of due care for his own safety, but it affirmatively appears therefrom that he was guilty of negligence which contributed to his injury and death. The case of Chicago City Ry. Co. v. Fennimore, 199 Ill. 9, relied upon by appellee, is not in point. In that case the plaintiff appears to have looked twice in an effort to avoid danger, before she attempted to cross the street. In the case at bar the deceased apparently made no effort whatever to avoid known danger in going upon a track where a car of appellant might be approaching at any time, but as it conclusively appears, voluntarily assumed a position which prevented him from observing the approach of the car, until too late to avoid injury.

The judgment is reversed with a finding of fact to be incorporated in the judgment of this court.

*Reversed with finding of fact.*

FINDING OF FACT: We find as an ultimate fact that appellee's intestate was guilty of negligence which contributed to his injury and death.