## Austin Davis, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5586.

PERSONAL INJURIES—*what essential to recover in action for.* A plaintiff in an action for personal injuries cannot recover unless he affirmatively establishes that at the time of his injury he was in the exercise of ordinary care for his own saftey.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed March 13, 1912.

PINKNEY & McROBERTS, for appellant.

QUINN, QUINN & McGRATH, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

Appellant operates a double track street railroad on Adams street in the city of Peoria, Illinois. Adams street runs northeast and southwest. The north bound cars run on the east, and the south bound on the west track.

Plaintiff testified that he was twenty-nine years old; that about 7:30 o'clock on the morning of March 25, 1910, as he was returning to his home from work, he alighted from a north bound car at McCall street, and went to the rear of his car, and started to cross the north bound track when he was struck by a south bound car; that it was a clear morning; that he had no idea how fast the car that struck him was going; that his eyesight and hearing were good, and that he did not hear any bell sounded, and did not see the car until it was almost upon him, when he jumped and was struck by the car and was hurt, in consequence of which he lost three weeks' wages at $12.50 per week,

and his physician's bill of $23 and suffered considerable pain, etc; that he knew how the cars operated on the double tracks; that cars ran along there every few seconds; that he did not look up before he stepped into the track, and when he did look up the car was right close to him, looked not over a foot or so away; that he was about in the center of the down bound track when he looked up and saw it, and he then jumped to the far side, and was hit by the corner of the car; that Adams street is level for two blocks each way from McCall street and runs in a straight line; and there was nothing to obstruct his view but the car from which he alighted. The declaration consists of three counts in the usual form, charging that defendant carelessly and negligently, without any warning, ran its car against him; that defendant carelessly and negligently ran its car past the one standing still at McCall street without ringing a bell or giving any warning of its approach, and struck him. The third counts on the violation of the city ordinance in not sounding a gong one hundred feet from street intersections and keeping it sounding until such street is reached. Each count contains the usual averments of due care and caution for his own safety.

The above was the only testimony in support of the declaration, and at the close of plaintiff's case, defendant moved to exclude the evidence and instruct the jury to find the defendant not guilty, which was denied, and was renewed at the close of all the evidence and again denied, and a verdict and a judgment was rendered for the plaintiff for $60.50; and defendants appeals.

The defendant examined eight witnesses, passengers and employes operating the two cars; and from the overwhelming weight of the evidence, we think plaintiff was not struck at the intersection of McCall street, as he says, but south of that street; that he either alighted from this car at the crossing south and walked

on ahead of it towards his home on the west side of Adams street, near the middle of the block, or dropped off before it reached McCall street, closer to his home, and stepped from behind it onto the south bound track and was struck. But, however that may be, the evidence wholly fails to prove that plaintiff was in the exercise of that care required of him by the law for his own safety, as alleged in his declaration. He was a man twenty-nine years old, in possession of all his faculties and knew the situation well, and had he exercised ordinary care under the circumstances surrounding him at the time, would not have stepped upon the south-bound track from immediately behind a car, at a place which was not a street crossing, without ascertaining if a car was approaching from the opposite direction, which he knew was liable to occur "any second". The allegation of due care on his part, being a material one not proven, the instruction to find the defendant not guilty should have been given. Von Holland v. Chicago City Railway, 148 Ill. App. 320.

*Reversed.*

Finding of fact to be incorporated in the judgment: We find that at the time of the injury complained of, plaintiff was not in the exercise of due care for his own safety.