**Richard Binder, a minor, by Mary J. Binder his next friend, Appellee, v. Chicago City Railway Company, Appellant.**

## Gen. No. 16,553.

1. NEGLIGENCE—*degree of care.* A person slightly more than sixteen years of age is chargeable with the same degree of care for his safety from injury by being struck by street cars as might reasonably be expected of an adult, where such person was born in Chicago, resided on a street on which cars were operated, was graduated from grammar school and attended a night high school.

2. NEGLIGENCE—*unexpected peril.* One compelled for his own safety to act suddenly in the presence of unexpected peril resulting from the negligence of another is not chargeable with contributory negligence if he fails to exercise such prudence as men usually exercise under ordinary circumstances.

3. STREET RAILROADS—*when no unexpected peril shown.* A case is not presented wherein a person is compelled to act suddenly in the presence of unexpected peril caused by another's negligence where such person saw a street car about a block and a half away approaching a crossing and waited till a car about one hundred feet away going in the opposite direction had passed about twenty feet beyond him and then attempted to cross the tracks without looking again, but was struck by the car which he had seen approaching.

4. STREET RAILROADS—*failure to look for cars.* In the absence of evidence of circumstances which excuse looking for approaching street cars, where looking would disclose the danger, a finding is not warranted that such failure to look is not negligence.

5. STREET RAILROADS—*contributory negligence.* Plaintiff was guilty of negligence which proximately contributed to his injuries where on account of his age and experience he should be held to the same degree of care as an adult and where it seems that he saw a southbound street car about a block and a half away and waited near the tracks till a northbound car which was about one hundred feet away had passed twenty feet beyond him and then attempted to cross the tracks without looking but was struck by the southbound car.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed with finding of fact. Opinion filed December 11, 1912, on rehearing.

JAMES MAHER and C. LE ROY BROWN, for appellant.

GEORGE E. GORMAN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee, a minor, by his next friend, against appellant to recover damages for personal injuries alleged to have been occasioned by the negligence of appellant. A trial by jury in the Circuit Court resulted in a verdict and judgment against appellant for $5,000, to reverse which judgment this appeal is prosecuted.

At about 9 o'clock on the night of March 30, 1907, appellee, while crossing the street railway tracks of appellant on Halsted street at or near the corner of 61st street, was struck and seriously injured by a southbound electric car operated by appellant on said Halsted street. The charges of negligence contained in the declaration are that appellant negligently drove, propelled and operated said south-bound car; that appellant so drove, propelled and operated said car without ringing any bell or giving any warning of its approach; that appellant operated said car across 61st street at a high and dangerous rate of speed, to-wit, 20 miles per hour; that appellant drove and managed

said car across 61st street without having any head-light on said car; and that appellant negligently drove, propelled and operated said car across 61st street at a high and dangerous rate of speed without ringing any bell or giving any other means of warning of the approach of said car.

The main contention of appellant is that the evidence, considered most favorable for appellee, shows that appellee was guilty of negligence contributing to this injury.

In the consideration of this case it may be conceded that there is evidence tending to show the negligence of appellant in one or more of the respects charged in the declaration.

At the time of his injury the appellee, Richard Binder, was slightly more than 16 years of age and resided with his parents on Peoria street between 60th and 61st streets.  He was born in Chicago and resided for a number of years on Milwaukee avenue, on which street cars were operated.  He had graduated from the grammar school and had attended a manual training high school for one year.  Since July, 1906, he had been employed as an apprentice at the plumbing trade and pursued a course of study in a night school.  On the night in question, appellee, accompanied by his younger brother, Harris, went to a reading room of the Public Library at 63rd street and Union avenue, where they remained until about 9 o'clock, when they started for home.  They walked west on 63rd street to Halsted street and north on the east side of Halsted street to or toward 61st street with the intention of crossing Halsted street and going west on 61st street to Peoria street.  Midway between 60th and 61st streets was 61st Place; and midway between 61st and 62nd streets was 62nd Place.

Appellee testified on direct examination that, when he reached the curbstone on the east side of Halsted street at the south crossing of Halsted and 61st streets, he stopped and looked to see if any cars were ap-

proaching; that he saw a north-bound car about 100 feet south of 61st street and saw a south-bound car about a block or a block and a half away, but could not tell whether the south-bound car was moving or standing; that the north-bound car was so near he knew he could not cross the street, so he took his brother by the hand and walked down within three or four feet of the track and let the north-bound car go by; that after it went by he walked in back of it and the south-bound car hit him; that the last time he saw the south-bound car before it hit him was when it was about a block or a block and a half away, and at that time he saw no other car between it and the crossing; that he did not notice anything of the south-bound car after he started across the crossing and before he was struck; that at the instant he was struck he thought the north-bound car was 15 or 20 feet from him, or about half way across 61st street. On his cross-examination appellee testified that when he saw the north-bound car coming he looked the other way and saw that the south-bound car was between 100 and 200 feet north of 60th Place; that he could not say whether the south-bound car was coming or standing when he saw it, but that it looked as though it was moving; that he could tell from the lights whether it was standing or moving, but did not recollect which it was doing; that he knew it was coming towards 61st street; that as he walked from the curb out to the track he looked toward the south-bound car and saw it coming; that it was then still about a block away; that as soon as the north-bound car went by he started ahead and never looked again to see where the other car was; that he just went right straight across and didn't see the car until it struck him; that when he went ahead the north-bound car had not gone very far, perhaps 20 feet—he did not look to see how far; that he did not look in that direction, as he stepped off the north-bound track, to see where the south-bound car was; that he paid no further attention, but kept going right along, walking at a regular gait—not slow and not fast; that he did not have

any idea that the south-bound car might be there; that he did not think of it at all. On redirect examination he testified that he did not look to the north for the south-bound car after the north-bound car had passed, because the south-bound car was too far away and he thought it had no chance of getting to 61st street. On recross-examination he testified that he did not then have in mind the question whether the south-bound car would beat him to the track or not; that he saw it so far down he thought it would be safe to cross the tracks without other notice of the car; that he was not measuring whether the car would get there before he did; that he did not give the matter that thought; that it was not in his mind that it would not get there before he did. The testimony of Harris Binder, with reference to his observation of the two cars, and the manner in which the accident occurred was in substantial accord with the testimony of appellee. Both appellee and his brother, Harris, testified that they observed no headlight on the south-bound car as it approached 61st street, and that no gong was sounded or other warning given before appellee was struck.

Before appellee left the street curb and again while standing in the street waiting for the north-bound car to clear the crossing, he saw the south-bound car approaching the same crossing and knew that the south-bound car would continue to run south without stopping, at least until it had cleared said crossing, and the presence of a headlight on the car, or the sounding of a gong by the motorman, would have afforded him no more positive knowledge that the south-bound car was approaching the crossing than he already had by actual observation. The only reasonable deduction to be drawn from the somewhat contradictory and confused testimony of appellee is that while the north-bound car was passing the crossing, and after it had cleared the crossing, he gave no thought whatever to the south-bound car, which, he must be held to have known, was then approaching, but attempted to cross

the south-bound track without looking to the north or exercising any care whatever to avoid a known impending danger. The age, intelligence, capacity and experience of appellee, as disclosed by the evidence, were such that upon the facts in this case, he was chargeable with the exercise of the same degree of care and caution for his own safety as might reasonably be expected of an adult.

The case presented by this record is not analogous to one wherein a person, without his fault, is compelled for his own safety to act suddenly in the presence of an unexpected and imminent peril resulting from the negligence of another. In such case he is not chargeable with contributory negligence, if in attempting to avoid such peril he fails to exercise such care and prudence as men usually exercise under ordinary circumstances. Nor is the case of Chicago City R. Co. v. Fennimore, 199 Ill. 9, relied upon by appellee, in point. There the plaintiff, having looked to the north and seeing no car approaching, was, while attempting to cross the tracks in the rear of a passing north-bound car, struck by a south-bound car which was insufficiently lighted.

It is insisted that, as appellee looked twice to the north before he attempted to cross the tracks, he was not required in the exercise of due care for his own safety to look to the north a third time. If having looked to the north twice before attempting to cross the tracks appellee had failed to see a car approaching the crossing, because of an insufficient headlight or some intervening obstruction, there would be some force in such insistence. Appellee, however, had in fact seen the south-bound car approaching before he attempted to cross the south-bound track. While the north-bound car was passing appellee, it obstructed his further view of the south-bound car, but as soon as the north-bound car had cleared the crossing a distance of 15 or 20 feet, as he testified, his view was no longer obstructed, and if he had looked to the north, he must

necessarily have seen the south-bound car, which he knew was approaching, in time to have avoided it. He did not fail to look, because looking would not have disclosed the presence of the approaching car, but because, as he testified, he "paid no further attention" —"did not think of it at all."

Without evidence of conditions or circumstances which excuse looking, where looking would disclose the danger, a jury is not warranted in finding that such failure to look is not negligence. Von Holland v. Chicago City R. Co., 148 Ill. App. 320; Burke v. Chicago City R. Co., 153 Ill. App. 388; Koehler v. Chicago City R. Co., 166 Ill. App. 571.

Upon this record we are compelled to the conclusion that appellee was guilty of negligence which proximately contributed to his injuries and the judgment will be reversed with a finding of fact to be incorporated in the judgment of this court.

*Reversed with finding of fact.*

Finding of fact: We find as an ultimate fact that appellee was guilty of negligence which contributed to occasion the injuries alleged in the declaration.