134    APPELLATE COURTS OF ILLINOIS.

Ohnesorge et al. v. Chicago City Ry. Co., 177 Ill. App. 134.

## Frederick E. Ohnesorge and George D. Stuart, Administrators, Appellees, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,910.

1. NEGLIGENCE—*when imputed to child.* Where a parent is present with a child of tender years at the time of an injury, and the negligence consists of some act or omission on the part of parent, the negligence of the parent which contributes to an injury resulting to the child is imputable to the child and if established will prevent a recovery.

2. STREET RAILWAYS—*negligence of parent imputable to child.* Where a father having hold of the hand of his three-year-old son sees two street cars approaching him from opposite directions, the one at the greater distance being eight hundred feet away, starts to cross the street at a crossing and finding his way blocked by the car at the shorter distance coming to a standstill passes around the rear of such car without looking farther and with his son is struck by the car coming from the greater distance, the father, if not negligent *per se* in law, is negligent in fact, and his negligence will be imputed to the child and prevent a recovery by the child's administrators.

3. STREET RAILWAYS—*duty of pedestrian to look.* A pedestrian passing behind one car and in front of another at a street crossing owes the duty to look before stepping on a parallel track, and failure to do so is negligence.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed. Opinion filed January 28, 1913.

FRANKLIN B. HUSSEY and C. LEROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

JAMES C. McSHANE, for appellees.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Appellees, as administrators of the estate of William A. Ohnesorge, deceased, recovered a judgment of $2,500 against appellant. The suit is brought for the

benefit of Frederick E. Ohnesorge, the father of the deceased, and his mother and a brother.

The accident causing the death of deceased happened at the intersection of 61st and Halsted streets in the City of Chicago, December 20, 1908, about 5:30 o'clock in the evening. It was Sunday, and there were no vehicles at the crossing at the time the car collided with Ohnesorge and his son.

The declaration contained one count and alleges general negligence by the defendant in running and operating a north-bound car upon Halsted street at the 61st street crossing, which resulted in the deceased being struck and injured so as to cause his death.

The material facts are that the father with the deceased, his son, about three years of age, were standing upon the southwest corner of 61st and Halsted streets. They were on their way to their home on the north side of 61st street, east of Halsted street. The father testified that on reaching the corner, he looked up and down Halsted street. He saw a south-bound car a little north of 61st street. He then looked south and saw a north-bound car which he thought was at a point about 800 feet away. He also saw an automobile at about the north cross-walk of 61st street, about 35 feet ahead of the south-bound car. He waited at the southwest corner until after the automobile went by, and then left the sidewalk, leading his boy by the hand. He started east from the west sidewalk before the south-bound car stopped at the south side of 61st street. As Ohnesorge walked out to the west side of the car it stopped in such a manner as to block the south cross-walk. Ohnesorge testified that the side of the car itself,—not the platform,—was in front of him. He then turned and walked north to go behind the standing car. The car was 48 feet long and its platform 7 feet 8 inches in length. On reaching the rear end of the standing car, he then crossed to the east and in walking across was about four feet behind the standing car. In walking across, the father took

136    Appellate Courts of Illinois.

Ohnesorge et al. v. Chicago City Ry. Co., 177 Ill. App. 134.

the little boy by the hand, the boy being on the south side of the father, and the father's right hand holding the boy's left. They continued on east across the space between the east and west tracks of Halsted street, walking at a slow and leisurely gait. Although Ohnesorge had seen the north-bound car before he left the side walk, he did not look to the south until the car was right on him, or until the instant they were struck. At the time he was struck, he was at or on the north-bound track. The last thing that Ohnesorge was conscious of before he was struck, was jerking the boy back and then being struck himself. Both the father and the child were struck by the car. The child was found opposite the front truck on the west side of the north-bound car; the father was found on the east side of the car.

Several grounds are urged for the reversal of the judgment. The first one, and the only one that we find it necessary to consider, is that a recovery is barred by the contributory negligence of the father of the deceased.

In our opinion, where the parent is present with a child of tender years at the time of the injury, and the negligence consists of some act or omission on the part of the parent, the negligence of the parent which contributes to an injury resulting to the child is imputable to the child, and, if established, will prevent a recovery. Chicago & A. R. Co. v. Logue, 158 Ill. 521; Chicago City Ry. Co. v. Wilcox, 138 Ill. 370; City of Pekin v. McMahon, 154 Ill. 141.

The question then is, was the father in this case guilty of negligence in leading the child around behind the south-bound car when he knew of the approach of the north-bound car, without looking for that car before leading the child upon the track in front of it? In our opinion, a person passing behind one car and in front of another at a street crossing owes the duty to look before stepping on a parallel track, and that failure to do so is clearly negligence. Burke v.

Chicago City Ry. Co., 153 Ill. App. 388; Von Holland v. Chicago City Ry. Co., 148 Ill. App. 320; Brown v. Chicago City Ry. Co., 155 Ill. App. 434.   These decisions are in harmony with the decisions of the leading states of this country.   It is useless for a pedestrian to look when a standing car is obstructing his vision. It is often too late to look after the pedestrian has stepped upon the parallel track because the approaching car may be so near at hand as to make escape impossible.   The time when ordinary prudence requires a pedestrian to look is when he closely approaches and comes to the farther line of the standing car. Hornstein v. United R. Co. of St. Louis, 195 Mo. 440. If by the exercise of ordinary care on Ohnesorge's part, he could have seen the approach of appellant's north-bound car as he emerged from behind the south-bound car and approached the track on which the car was running, the law made it his duty to see the car under the facts disclosed by his own testimony, and if he failed in that duty, as we think he did, his failure would bar a recovery in this case.   Chicago & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132.   His failure to look to the south in the direction from which he knew the car was approaching as he emerged from behind the south-bound car and before he stepped upon its track, if not negligence *per se* in law, was negligence in fact. If there were no conditions or circumstances shown by the evidence which excused him from looking, as appears from the testimony of appellee and others, without controversy, a jury is not warranted in finding that such failure to look is not negligence.   Illinois Cent. R. Co. v. Batson, 81 Ill. App. 142, and cases there cited; Cotter v. Chicago City Ry. Co., 141 Ill. App. 101.

There is no evidence in the record tending to show wilful or wanton negligence on the part of appellant, and it is, therefore, unnecessary to examine the proof of negligence of the appellant.

The judgment is reversed.

*Reversed.*