## John D. Casey, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 20,323.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. RICH-ARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed with finding of fact. Opinion filed February 24, 1915. *Certiorari* allowed by Supreme Court.

### Statement of the Case.

Action by John D. Casey, as administrator, against Chicago City Railway Company to recover damages for the death of Patrick Tracy, whose death was caused by a collision with one of defendant's cars as he attempted to cross the street from behind a car, stationary upon a parallel track. From a judgment for plaintiff for four thousand dollars, defendant appeals.

FRANKLIN B. HUSSEY and CHARLES LEROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

DARROW & BAILY, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 131*—*what evidence insufficient to show speed.* Testimony that a car "was going in a hurry," "was going fast," is insufficient to convey any definite idea of its speed when not stated in comparison with the ordinary rate of speed or some definite standard.

2. STREET RAILROADS, § 131*—*when evidence insufficient to show excessive speed.* In an action to recover damages for the death of a pedestrian who was struck by a car as he stepped upon the track,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

on passing around the rear of a car standing upon a parallel track, it was *held* that the evidence was insufficient to show that the car inflicting the injury was being operated at excessive speed, the only witness testifying in favor of plaintiff being a woman who was just behind decedent at the time of the accident and who testified that the car "was going in a hurry," "was going fast," her testimony being contradicted by other witnesses in a better position to observe the facts.

3.   STREET RAILROADS, § 131*—*when evidence insufficient to show failure to ring gong.* In an action to recover damages for the death of a pedestrian who, on passing around the rear end of a stationary car, was struck by a car proceeding in the opposite direction upon a parallel track, the evidence was *held* insufficient to show failure on the part of defendant's servants operating the car inflicting the injury to ring the gong.

4.   STREET RAILROADS, § 98*—*when contributory negligence shown.* In an action to recover damages for the death of a person who, on passing around the rear end of a stationary car, was struck by a car bound in the opposite direction upon a parallel track, it was *held* that decedent was guilty of contributory negligence as a matter of law, there being nothing in the circumstances surrounding the accident to excuse him from looking, it being apparent that he did not look until too late.