## Emma Victoria Ehrenstrom, Administratrix, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 22,953.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed May 28, 1917. Rehearing denied June 11, 1917.

### Statement of the Case.

Action by Emma Victoria Ehrenstrom, administratrix of the estate of Frank Ehrenstrom, deceased, plaintiff, against the Chicago City Railway Company, defendant, to recover for negligently causing the death of plaintiff's intestate. From a verdict and judgment for plaintiff for $8,000, defendant appeals.

JOHN E. KEHOE and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

WILLIAM J. PRINGLE and EDWIN TERWILLIGER, JR., for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 97*—*when person crossing track in front of car is guilty of contributory negligence.* In an action to recover

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for the death of one struck by a street car in crossing the track, the evidence showed that plaintiff's intestate, while looking in another direction, stepped on the track when the car was six or eight feet away and approaching at a good rate of speed, and that its gong was sounding and it was lighted and its headlight was burning. It did not appear that he looked for the car or that his view of it was obstructed, but it did appear that, if he had looked, he must have seen it. The evidence further showed that the speed of the car was not excessive and plaintiff admitted that defendant used all efforts to avoid the injury after the peril was discovered. *Held*, that plaintiff's intestate was not in the exercise of ordinary care, but was guilty of such contributory negligence as to preclude a recovery.

2. APPEAL AND ERROR, § 1810*—*when case reversed with finding of fact.* The power of the Appellate Court to reverse a judgment of the trial court with a finding of fact is not confined to cases in which the latter might properly direct a verdict.