CHICAGO—FIRST DISTRICT—JUNE, 1919.     435

Bushman v. Calumet & South Chicago Ry. Co., 214 Ill. App. 435.

# Gustave C. Bushman, Appellee, v. Calumet & South Chicago Railway Company, Appellant.

## Gen. No. 24,275.

1. CARRIERS, § 438*—*what constitutes contributory negligence on part of passenger crossing behind car from which he has alighted.* Contributory negligence in fact, if not in law, was established where a passenger with impaired hearing, familiar with conditions, alighted at a point 25 feet from a crossing, from the rear platform of a southbound street car while it was still moving, and, having looked north when he boarded the car a number of blocks away from his place of alighting, saw no car less than a half a mile away, did not look again to the north and was struck by a car approaching on the same track, which was from 7 to 30 feet away when he started to cross.

2. CARRIERS, § 438*—*when passenger crossing behind car after alighting therefrom must look for approaching car.* The time for a passenger, who attempted to pass behind the car from which he had alighted, to use ordinary care to discover whether he was in danger of an approaching car upon the same track, was not when he originally boarded the car but when he was in danger, that is, when he was about to step upon the track.

3. CARRIERS, § 438*—*when passenger crossing behind car after alighting therefrom is guilty of contributory negligence.* A passenger who, after alighting from a street car 25 feet north of a crossing, passed behind the car and in front of another car coming on the same track, owed the duty to look before stepping on the track, and his failure to do so was contributory negligence, although he claimed that, upon looking back when he was a number of blocks away, he saw no car within a distance of half a mile, and that before crossing he looked to see whether a car was coming on the farther track, a danger less imminent.

4. NEGLIGENCE—*doctrine of "last clear chance" as not obtaining in this State.* The "last clear chance" doctrine does not obtain in this State, the rule here being that where the negligence of the injured party contributes in any degree to bring about his injury, he cannot recover unless the conduct of the other party is wilful and wanton.

5. CARRIERS, § 438*—*when question of priority of right of crossing between alighting passenger and approaching street car does not arise.* The question of the priority of the right of crossing as be-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tween a passenger who had alighted from a car and was attempting to pass behind it, and a car approaching on the same track, did not arise, where the passenger voluntarily got off from his car while it was in motion and 25 feet away from the crossing.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed with finding of fact. Opinion filed June 10, 1919. *Certiorari* denied by Supreme Court (making opinion final).

BUSBY, WEBER & MILLER, JOHN E. KEHOE and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS, of counsel.

JOHN L. HOPKINS, JOHN W. CREEKMUR and D. J. DE WOLFE, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This action is to recover for personal injuries received by appellee, May 21, 1913, about 5 p. m., from being struck by a street car of appellant while he was crossing its track. The controlling facts are undisputed and accord with appellee's own testimony.

The car was going south on Cottage Grove avenue on the company's west track approaching what would be 110th street if it crossed said avenue. At that point was a crushed stone walk about 10 feet wide across the avenue, at the east end of which was a gate leading to the Pullman Company's building and works, where plaintiff had been employed for over 30 years. At that hour of the day the southbound cars ran frequently in order to carry the employees home from the works. Plaintiff alighted from the rear platform of a southbound car, while it was still moving, at a point about 25 feet north of said walk, on the south side of which the cars usually stopped, and with his back towards the north and without his

looking northward immediately started across its tracks in a southeasterly direction towards said gate, when he was struck by another southbound car that was from 7 to 30 feet away from him when he stepped between its rails, and between which and himself there was nothing to obstruct his vision. Plaintiff alleged the exercise of ordinary care on his part and was bound to prove it.

Whatever view may be taken of any other question raised on this appeal the circumstances clearly indicate negligence in fact, if not in law. In them we find nothing to excuse his not looking northward before he stepped onto the track. He did not, and could not, rely on his sense of hearing for it was greatly impaired and had been for many years. In fact he offered no excuse for his failure to look for an approaching car from the north except that when he boarded the car at 103rd street, about a mile farther north, he then looked back, where he could see for about half a mile, and saw no car approaching, and that he was looking to avoid a northbound car. The time, however, for the exercise of ordinary care to discover whether he was in danger of an approaching car from the north was not then but when he might be in danger —when he was about to step upon its track. (*Roberts v. Chicago City Ry. Co.*, 262 Ill. 228.) This court has frequently held that a person passing behind one car and in front of another at a street crossing owes the duty to look before stepping on a parallel track, and that failure to do so is contributory negligence. (*Ohnesorge v. Chicago City Ry. Co.*, 177 Ill. App. 134 [approved in 259 Ill. 424]; *Burke v. Same*, 153 Ill. App. 388; *Von Holland v. Same*, 148 Ill. App. 320; *Brown v. Same*, 155 Ill. App. 434; *Healy v. Same*, 167 Ill. App. 524; *Binder v. Same*, 175 Ill. App. 503; *Casey v. Same*, 191 Ill. App. 474.) In each of these cases the judgment was reversed without remanding the cause for a new trial on the ground of contributory

negligence or want of ordinary care in the failure to look for the approaching car. While appellee did look southward for any car that might be approaching on the northbound track, he took no precaution to avoid a more imminent danger from one on the southbound track. He could have seen the car had he looked. His duty to look for a southbound car under such circumstances was no less imperative than the duty to look for a northbound car, for he alighted from his car before it had reached the crossing and usual place of stopping, and from familiarity with conditions there knew that a car might be following close to it, especially at that time of the day.

The facts are very similar to those in *Ehrenstrom v. Chicago City Ry. Co.,* 205 Ill. App. 583, where the court said: ''While to step into the path of a moving car is not negligence *per se* in law, still it becomes negligence in fact unless some good reason appears to excuse.'' We find no such reason in this case. It was no excuse that he was occupied in looking to see whether a car was coming on the farther track, a danger less imminent, or that when he boarded the car from which he alighted he saw no car following, or that the regular running time for the cars was 15 minutes apart, as he testified, for, as he further testified, ''they could not always go on time because there were so many railroad tracks,'' and the evidence is undisputed that at that time of the day southbound cars ran frequently.

Nor, as suggested, does any question as to priority of the right of crossing arise, for he had not reached the crossing, but voluntarily got off from a moving car 25 feet north of it. None of the excuses offered by his counsel is availing in law or in fact, and it is apparent from a count in the declaration based upon the doctrine of ''the last clear chance''—which does not obtain in this State (*West Chicago St. Ry. Co. v.*

*Liderman,* 187 Ill. 463; *Macon v. Holcomb,* 205 Ill. 643; *Feitl v. Chicago City Ry. Co.,* 211 Ill. 279) and on which the jury were erroneously instructed—that they themselves recognized in the facts probable ground for the defense of contributory negligence. The rule in this State is that where the negligence of the injured party contributes in any degree to bring about his injury, he cannot recover unless the conduct of the other party is wilful and wanton. (*Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544.) Appellant's counsel expressly disclaimed wantonness or wilfulness, and a charge thereof in the declaration was withdrawn. Accordingly the judgment must be reversed with a finding of fact.

*Reversed with a finding of fact.*

Finding of fact. The court finds as the ultimate facts that Gustave C. Bushman, appellee, was not in the exercise of ordinary care for his own safety at the time of the accident alleged in the declaration, but, on the contrary, was guilty of contributory negligence which was the proximate cause of the accident and his resulting injuries.