## Caroline Myhre, Appellee, v. Chicago City Railway Company, trading as Chicago Surface Lines, Appellant.

### Gen. No. 25,253.

1. STREET RAILROADS, § 131*—*when evidence in action for personal injuries does not show that car was traveling at excessive speed.* In an action to recover for personal injuries received through being struck by a street car, where the preponderance of the evidence tends to prove that the car ran only a short distance after striking plaintiff, most of the witnesses estimating the distance at from 12 to 18 feet, it is reasonably inferable that the car was not traveling at excessive speed.

2. NEGLIGENCE, § 79*—*when and where person must look for danger.* Where it is incumbent upon one, as an act of caution to look, he must look when and where he can act safely with reference to any danger observed, else the element of caution is wanting.

3. STREET RAILROADS, § 95*—*when person approaching tracks does not discharge duty of looking for cars.* If one crossing a street railway track looked for approaching cars only at the instant she was struck, she failed to look with the care and caution essential to her safety, and must be considered as having approached the track and gone into danger without looking.

4. STREET RAILROADS, § 98*—*when person passing behind car and struck by car on parallel track is guilty of contributory negligence.* Where, in an action to recover for personal injuries received by one, as she passed behind the street car from which she had alighted, through being struck by a car approaching from the opposite direction on the track which she was trying to cross, it appears that both of the cars were of the large pay-as-you-enter type, with round corners, and there was a clearance of 2 feet between them, it will be held that it was physically possible for plaintiff to have seen the approaching car while yet a sufficient distance from her to have allowed her to act to avoid the danger, and, in passing on the track in such circumstances, she will be held to have been guilty of contributory negligence as a matter of fact.

Appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in this court at the March term, 1919. Reversed with finding of fact. Opinion filed December 8, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHARLES LEROY BROWN, for appellant; JOHN R. GUILLIAMS and JOHN E. KEHOE, of counsel.

BANGS, FRANKHAUSER & COLBY and CHARLES G. HUTCHINSON, for appellee; EDWARD P. FELKER, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

By this appeal defendant seeks to have reversed a judgment against it of $7,000, recovered by plaintiff in an action for personal injuries.

The accident occurred about 7 o'clock on the evening of March 1, 1916. Plaintiff had been a passenger on one of defendant's street cars going west on Armitage avenue, an east and west street in Chicago. Parallel to and south of the westbound track is another track, on which run the eastbound cars. When the westbound car carrying plaintiff approached Kildare avenue, a street running north and south, it stopped, with its front end at the near crossing, which would be the east line of Kildare; there is no street car line on Kildare avenue. This would leave the rear end of the car about 50 feet east of the crossing. Plaintiff alighted from the rear platform, and while that car was standing she started to walk south behind it, on a line about 2 or 3 feet from it. She walked towards the south or parallel track, and was struck by an eastbound car running on that track. There is weighty evidence that she was not struck by the front end of the car, but walked into the side of it at the folding closed doors of the front platform, near the northeast corner of the car.

Several witnesses testified that the gong on the eastbound car was rung while passing the other car, while other witnesses testified that it was not. There is also variant evidence as to the speed. The preponderance tends to prove that the car ran, after the collision with plaintiff, only a short distance, most of the witnesses

placing it 12 to 18 feet. It is reasonably inferable that there was no excessive speed under the circumstances. The headlight and other electric lights of the eastbound car were lighted, and apparently there were no other vehicles or noise which would tend to prevent knowledge of the moving car. There is evidence that snow was falling, but not in such a way as to prevent any one seeing an approaching lighted street car if one looked towards it.

Cases having to do with similar occurrences have frequently been in the courts. To indicate all of them would make a long list; a few of them are: *Brown v. Chicago City Ry. Co.*, 155 Ill. App. 434; *Burke v. Chicago City Ry. Co.*, 153 Ill. App. 388; *Von Holland v. Chicago City Ry. Co.*, 148 Ill. App. 320; *Healy v. Chicago City Ry. Co.*, 167 Ill. App. 524; *Koehler v. Chicago City Ry. Co.*, 166 Ill. App. 571; *Ohnesorge v. Chicago City Ry. Co.*, 177 Ill. App. 134; *Devine v. Chicago City Ry. Co.*, 207 Ill. App. 28; *Welch v. Chicago City Ry. Co.*, 195 Ill. App. 146; *Donelson v. East St. Louis & S. Ry. Co.*, 235 Ill. 625; *Stack v. East St. Louis & S. Ry. Co.*, 245 Ill. 308, 1 N. C. C. A. 687; *Chicago City Ry. Co. v. O'Donnell*, 208 Ill 267. There are also a large number of reported cases in the courts of other States. The latest statement of our own Supreme Court in a similar case is in *Rainford v. Chicago City Ry. Co.*, 289 Ill. 427.

Plaintiff testified that two other passengers alighted from the westbound car and crossed the parallel track ahead of her, but she is uncertain as to how far ahead of her they were, placing the distance all the way from 5 to 18 or more feet. There is not sufficient evidence as to the location and movements of these men upon which to predicate any possible argument that plaintiff was misled by what they did.

She also testified, with reference to her conduct in looking for an approaching car on the parallel track, that "I was hit just as I looked. * * * Just as I turned to look toward the west the car hit me, just at

the very instant I turned to look. I didn't see the car until just the instant it hit me. I did not even see it a fraction of a second before it hit me. The very instant I saw it, it came in contact with me.''

The purpose of looking, as an act of caution, is to determine what one shall safely do next; ordinarily this will be to move or to stand still; hence the looking must be done when and where one can act safely with reference to any danger observed, otherwise the act of looking is minus the element of caution. If plaintiff looked only the instant she was struck, she failed to look with the care and caution necessary for her safety, so that she must be considered as having moved towards the tracks and within the danger zone without looking. This would seem to be conclusive, unless it is proven by plaintiff that the approaching eastbound car was so hidden from view by the standing westbound car that there was no place from which it was possible for her to see the approaching car in time to avoid collision. Plaintiff could have moved slightly away from the standing car and thus secured a longer view up the parallel track, or she could have waited until the westbound car had moved on, leaving a wholly unobstructed view. However, the claim that it was physically impossible under the existing circumstances to see the other car is not supported by the facts. The cars in question were the large pay-as-you-enter cars with round corners. They have an overhang from the rails of 1½ feet and a clearance of 2 feet between cars. From these items it is demonstrable that under the instant circumstances the approaching car could have been seen while yet a sufficient distance from the plaintiff to have allowed her to act so as to avoid any danger. She must therefore be held to have walked into the line of danger without using her sight, which if used would have saved her.

Was such conduct under such circumstances the exercise of ordinary and reasonable care and caution for

one's own safety? We hold that it was not, but was negligent conduct on plaintiff's part which directly contributed to the accident in question. It is not necessary that we should determine whether she was guilty of contributory negligence as a matter of law. We are of the opinion that she was guilty of contributory negligence as a matter of fact; hence the judgment of the trial court is reversed with a finding of fact.

*Reversed with finding of fact.*

Finding of fact. We find as a fact in this case that plaintiff was guilty of negligence which directly contributed to the accident described in her declaration.