## John F. Devine, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,938.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed with finding of fact. Opinion filed February 9, 1917.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of Hilda E. Hillman, deceased, plaintiff, against Chicago City Railway Company, defendant, to recover damages for the death of the deceased who was killed by defendant's street car. From a judgment for plaintiff, defendant appeals.

The deceased was struck down and killed in attempt-

ing to cross in front of a moving street car after passing behind another on a parallel track five feet away. The accident occurred at the intersection of three streets. The deceased was familiar with the locality. Immediately after a car started she walked from behind it to the other track and was struck and killed.

JOHN E. KEHOE and WATSON J. FERRY, for appellant.

RUSSELL M. WING and BERT WING, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 111*—*when burden of proof is on plaintiff to prove exercise of ordinary care in action for negligent injuries.* In an action against a street railroad company to recover for personal injuries due to defendant's negligence, it is incumbent on the plaintiff to prove the exercise of ordinary care for his own safety and he cannot recover without making such proof irrespective of defendant's negligence.

2. STREET RAILROADS, § 98*—*when pedestrian passing from behind car over parallel track is guilty of contributory negligence.* It is negligence in fact for a pedestrian in passing from behind one street car that necessarily obstructs his vision of one approaching from an opposite direction on an adjacent parallel track to attempt to cross the latter track without first looking to see whether there is a car so approaching, when, in the ordinary course of affairs, one may be there.

3. STREET RAILROADS, § 133*—*when denial of motion for directed verdict in favor of defendant in action for death of pedestrian is erroneous.* In an action to recover for the death of plaintiff's intestate by being struck down and killed by defendant's street car, *held* that the evidence contained no direct proof that the deceased used ordinary care for her own safety and that the circumstances were not such as to supply it, and that the court erred in denying a motion for a directed verdict for defendant at close of plaintiff's case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4.  EVIDENCE, § 465*—*when positive testimony is stronger than negative testimony.* The negative testimony of witnesses that they heard no gong sounded is unavailing against the clear and positive testimony that the gong was sounded, in an action to recover for defendant's alleged negligence in the operation of its street car.