**Kell Walker, Plaintiff-Appellee, v. Daryl McGregor, Defendant-Appellant.**

**Gen. No. 62–O–24.**

Fourth District.

March 18, 1963.

Donovan D. McCarty, of Fort Myers, Florida, and George E. Brazitis, of Olney, for appellant.

Shumaker & Artz, of Olney, for appellee.

CULBERTSON, J.

This is an appeal from a judgment of the Circuit Court of Richland County in favor of plaintiff, Kell Walker, in the sum of $10,000, as against defendant, Daryl McGregor, for damages sustained by plaintiff under an unusual set of circumstances.

On appeal in this Court defendant contends that plaintiff was guilty of contributory negligence, as a matter of law, and that the Court should have directed a verdict in favor of defendant.

The plaintiff, the defendant, the plaintiff's brother and another individual, were employed on a drilling rig in Indiana and had been working on the night shift. It was the custom of the four men to exchange rides, and every fourth day one of the four would drive his car to work and back, with each man paying his own expenses the day he drove. On July 2, 1952, defendant McGregor was driving his car. As they approached to within approximately one mile east of Albion, Illinois, on route number 15 in Edwards County, the engine sputtered a few times and died. Mc-

Gregor pulled it off on the side of the road. The carburetor was primed with a little gas and the motor started but ran only briefly. It appeared that the fuel pump was defective. With only about a mile to go, someone suggested that if they could continue to pour gas into the carburetor they could get to Albion and get a new fuel pump. Two men went to a place across the road and picked up a five gallon can with some gasoline in it. Defendant then assumed a position on the front bumper, leaning on the right fender, with his head over the motor and began pouring gas from a small glass jar into the carburetor. The hood wouldn't stay up by itself, so plaintiff assumed a position on the bumper and leaning on the left fender, held the five gallon can of gasoline in his left hand and held the hood up with his right hand. A third man got into the driver's seat, and the fourth man rode along as a passenger. With this obviously dangerous arrangement concluded, the vehicle started down the highway, and within one hundred yards the inevitable happened. The gasoline ignited and defendant quickly jumped away, dropping his jar of gasoline on the engine. Plaintiff stated that with the flames around it became uncomfortable for him also, so he looked up and down the road and didn't see anything coming, threw the gasoline can in the ditch, and jumped. Because of the speed of the car he fell to his knees and flipped over on his shoulder, suffering injuries.

Plaintiff placed himself in the dangerous position, and when asked on cross examination if he understood the dangers that were possible with him standing in the position he was in, holding the gasoline can and doing what he was doing at the time of the occurrence, he stated that at the time it happened he never thought of the danger but that after it happened he could see it then. He stated that when the car suddenly backfired, a bunch of flames rolled out

54

of the car, right up under the hood; that naturally, the defendant had his head right back there and jumped backward, and in doing so, dropped the jar he had on the motor. This was presented as testimony of negligence on part of the defendant, and the contention of plaintiff is that by exercising a degree of care in extricating himself from his ultimate predicament he was in the exercise of due care. He basically contends that the cause of the accident was defendant's failure to take the gasoline jar with him when he jumped away from the flames.

██ Plaintiff negligently placed himself on the bumper of a car in motion, holding a can of gasoline with one hand and the hood of the car with the other, while defendant was pouring gasoline into an open carburetor over a hot motor. It is obvious that plaintiff knowingly exposed himself to an obvious danger and an almost inevitable accident. That his conduct was at least contributorily negligent is apparent. Considering all the evidence in the case most favorably for plaintiff, we cannot say that he was in the exercise of due care. We are reluctant to find contributory negligence, as a matter of law, but when the facts clearly establish such contributory negligence the Court has no alternative but to deny a plaintiff a right of recovery under such conditions, and a directed verdict for defendant should have resulted.

██ Normally, the question of contributory negligence is a question of fact for a jury, but where the evidence is clear that the injury was the result, in whole or in part, of the negligence of the party injured, a directed verdict for defendant is indicated (Illinois Cent. R. Co. v. Oswald, 338 Ill 270, 170 NE 247; Tucker v. New York Cent. & St. L. R. Co., 12 Ill2d 532, 147 NE2d 376). We must, therefore, conclude on the record that plaintiff was guilty of contributory negligence, as a matter of law, and that the Court should have directed a verdict for defendant.

55

■ The judgment of the Circuit Court of Richland County will, therefore, be reversed, and judgment entered here in favor of defendant.

Reversed, and judgment entered here.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.