CLYDE ROBERT FERGUSON, Plaintiff-Appellee, *v.* SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant-Appellant.

(No. 71-148;

Fifth District—December 7, 1972.

Pope and Driemeyer, of East St. Louis, for appellant.

Chapman, Talbert & Chapman, of Granite City, (Hugh M. Talbert, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant appeals from a judgment rendered upon a jury verdict in the amount of $15,000 and the denial of its post-trial motion for judgment notwithstanding the verdict and alternative prayer for a new trial.

The plaintiff was an over-the-road truck driver who resided in Missouri. After delivering a load of pallets in Chicago, he went to Springfield, Illinois, where he loaded pipe which was to be carried to Evansville, Indiana. He drove from Springfield to the Gateway Truck Stop in the vicinity of East St. Louis on Thanksgiving Eve where he joined with friends in food and drink for approximately four hours. He left the truck stop as a passenger in a diesel tractor owned and operated by a friend named Staton. Staton drove to another tavern adjoining a public highway. Staton parked the tractor in an area between the highway and the tavern building. When the plaintiff dismounted from the truck, he observed that the diesel exhaust stack had become entangled with an overhead telephone cable. The telephone cable belonged to the defendant. According to a supervising repair foreman for the Bell Company the telephone wire hung between two poles separated by approximately 150 feet and there was 11 feet of clearance from the ground at the low point.

Under the company practices applicable to this type of situation, the minimum allowable height for such cable was ten feet over walk-ways, driveways and crossings.

When the plaintiff and Staton emerged from the tavern, after the plaintiff had had two or three beers at approximately 10:00 P.M., it was raining. The plaintiff secured a broom from the entranceway of the tavern and climbed upon the wet tractor frame behind the cab and used the broom to raise the cable above the stack pipe of the truck. When Staton backed up the truck, the plaintiff lost his balance, jumped to the ground, and landed upon his hand, dislocating his shoulder. He cried out to Staton, "you must have tried to kill me."

The proprietor of the tavern advised that she had called an office of Southwestern Bell Telephone Company to complain that the telephone cable "was not high enough for trucks to get under." The company had no record of having received such a complaint call.

The defendant contends that it is entitled to judgment on the basis that the plaintiff was guilty of contributory negligence as a matter of law, based upon *Tompkins v. Twin Oaks Dairy, Inc.*, 91 Ill.App.2d 88, 234 N.E.2d 403; *Day v. Barber-Colman Co.*, 10 Ill.App.2d 494, 135 N.E.2d 231, *Withey v. Illinois Power Co.*, 32 Ill.App.2d 163, 177 N.E.2d 254, and *Koch v. Chicago & North Western Ry. Co.*, 208 Fed.2d 152 (7th Circuit, 1953), and similar cases. Defendant also contends that defendant's conduct was not, as a matter of law the proximate cause of plaintiff's injury, but instead that the defendant's negligence, if any, furnished a condition which was accompanied by a subsequent independent act of a third person under the rule set forth in *Seith v. Commonwealth Electric Co.*, 241 Ill. 252, 89 N.E. 425 and *Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300, 45 N.E.2d 665.

The plaintiff answers arguing that contributory negligence is primarily a question for the jury and for a court to draw inferences deprives the jury of its function as the decider of questions of fact. Plaintiff points out that proximate cause is ordinarily a question for the jury and that with respect to an independent intervening cause, reasonable persons, under the facts presented, could disagree and that the defendant should have known that a result such as was shown by the evidence to have occurred was foreseeable although the precise injury might not have been foreseeable.

Under the evidence shown here it is not possible to harmonize all of the authorities. In the instant case the evidence of the occurrence came almost exclusively from the mouth of the plaintiff himself, the friend Staton not having been called as a witness. This brings us within the purview of the situation set forth in *Day v. Barber-Colman Co.*

"* * * when the facts bearing thereon rests solely upon his (the plaintiff's) own testimony, and the attendant circumstances that are not in dispute, the Court then has the duty of determining, as a matter of law, whether he, in fact, used ordinary caution for his own safety." We hasten to point out that this rule does not say that the court *must* determine contributory negligence as a matter of law where there is no substantial dispute in the evidence. It does, however, confront us squarely with the proposition of whether or not this is such a case as should be determined as a matter of law.

In viewing these cases on the subject of contributory negligence it becomes evident that the point relied upon by many of these courts has been that where the plaintiff by his own act places himself in a precarious position or where he exposes himself to a danger which he might have avoided through the exercise of reasonable care, then the plaintiff may be guilty of negligence as a matter of law. For example in *Prill v. City of Chicago*, 317 Ill.App. 202, 46 N.E.2d 119, "His own negligence which directly contributed to the creation of the emergency which placed him in peril cannot be disassociated from his attempt to escape such peril * * *"; or in *Koch v. Chicago & North Western Ry. Co.*, "The law is well settled in Illinois that one cannot expose himself to a danger which he might have avoided through the exercise of reasonable care for his own safety and then recover damages for a resulting injury." And in *Walker v. McGregor*, 40 Ill.App.2d 52, 189 N.E.2d 537, where the plaintiff jumped from the front bumper of a vehicle, "Plaintiff negligently placed himself on the bumper of a car in motion, holding a can of gasoline with one hand and the hood of the car with the other, while defendant was pouring gasoline into an open carburetor of a hot motor. It is obvious that plaintiff knowingly exposed himself to an obvious danger and an almost inevitable accident. That his conduct was at least contributorily negligent is apparent." Here the plaintiff, after ingesting a considerable amount of alcoholic beverages, climbed up on the truck tractor, stood upon the frame behind the cab and reached out with a broom attempting to lift the wire over the stack pipe. This was done in a drizzle of rain with the frame and the immediate area wet. In the position selected by the plaintiff, he evidently had no place on which to hold or to secure himself, and it seems certain that his plan was to raise the cable over the stack. When the truck moved unexpectedly, the plaintiff lost his balance and jumped to the ground. All of this was apparently done in darkness at approximately 10:00 P.M. There was no emergency involved. There was no immediate danger which existed to require hasty or precipitate action such as concern that the wire might electrocute some person. There was nothing about the

obstacle involved which produced an unusual risk. The risk was created by the action of the plaintiff himself. The mechanism of injury did not arise from the defendant or the cable. The plaintiff chose his position and jumped when he lost his balance.

■■ While contributory negligence is indeed ordinarily a question of fact for the jury, it is clear that there remains some area in which the court may find conduct to be contributorily negligent as a matter of law. We cannot conclude that this is *not* such a case simply because the plaintiff raises the argument that it should be a question of fact for the jury. Undoubtedly, this contention was made in each of the cases where the court found that it was not. Since the Civil Practice Act permits the raising of this point in a post-trial motion for judgment notwithstanding the verdict, it therefore follows that the fact that the jury has decided this particular point adversely to the defendant does not prohibit a trial court or a court of appeal from finding to the contrary in a proper case. Applying the rules of law as we understand them to the facts, we find that the plaintiff was contributorily negligent as a matter of law.

■■ Considering the matter of proximate cause, the defendant's conduct may be considered as creating a condition by which the injury to the plaintiff was made possible. None of the cases by the plaintiff indicate that the rule that "When the act of a third person intervenes which is not a consequence of the first wrongful act or omission and which could not have been foreseen by the exercise of reasonable diligence and without which the injurious consequence could not have happened, the first act or omission is not the proximate case of the injury," has been abolished or materially altered. This rule is set forth in the *Merlo* and *Seith* cases referred to above. If this rule is applicable, then we have the duty of applying it. The plaintiff argues very skillfully that the act of the third person could have been foreseen by the exercise of reasonable diligence and that, therefore, the jury verdict on this point should stand. They refer us to *Neering v. Illinois Cent. R.R. Co.*, 383 Ill. 366, 50 N.E.2d 497; *Johnston v. City of East Moline*, 405 Ill. 460, 91 N.E.2d 401; and *Marquardt v. Cernocky*, 18 Ill.App.2d 135, 151 N.E.2d 109 and similar cases.

In the *Neering* case the plaintiff was assaulted while on the platform waiting for a train and the duty relied upon was the failure of the railroad to afford protection for its passengers. The court held that the intervening assault was probable or foreseeable.

In the *Johnston* case the municipality was charged with failing to keep a traffic light in repair. The plaintiff's intestate was struck crossing the intersection on the green light, when he was injured by another car com-

ing through the intersection with no illuminated light facing him. Again, the Supreme Court found that the independent force was probable or foreseeable.

In the *Marquardt* case, the plaintiff was injured when a car parked on the slanting parking area was taken out of gear by a four-year-old child. The court considered that reasonable men might draw different inferences from the facts.

■■ In each of these cases (1) the duty owed by the defendant clearly extended to include the plaintiff and (2) the injured plaintiff was ensnared, as it were, by the danger or risk created by defendant's act or omission, and (3) the intervening agency was one which occurred out of the conduct or condition which was established or permitted by the defendant. In the instant case, if one assumes that the defendant was negligent in locating its wire as it did, or permitting it to sag, then the risk would appear to be that the wire might in some manner cause an injury. Had it been, for example, that the plaintiff was riding in a truck bed and he was jerked out when he contacted the low-hanging wire, or had he been knocked off the truck by a load dislodged against him by the wire, it might be said that the risk was one created by the defendant. We could proceed to state hypothetically other states of facts which might raise a question of fact as to the independence of the intervening force. In this particular case, the intervening force was entirely independent; there was nothing about the wire which required the plaintiff to assume the position which he assumed under the attendant circumstances; the presence of the wire did not require the plaintiff to fortify himself with alcohol for the lifting; the presence of the wire did not require the driver to move the truck in the way in which he did. One need not anticipate that the truck would be moved when and in the way it was moved, while plaintiff was standing on its frame, in the rain, in the dark of night and holding an uplifted broom. If the defendant should have expected this, so should the plaintiff. Any object by its very existence is subject to being moved. The possibilities of a mover's being injured in the movement are myriad. Under the plaintiff's theory, the owner of an object might be made liable for the injury to the mover if it could be contended that the object was improperly placed regardless of the necessity or urgency of its being moved, or however innocuous the object may appear. Again, under this extraordinary state of facts, we do not find circumstances from which we consider that it might properly be found that the conduct of the plaintiff or the driver of the truck was probable or reasonably foreseeable. The plaintiff's proof fails as a matter of law to prove the necessary element of proximate cause.

Additionally, the jury was not instructed with respect to the independent agency rule. They had only the I.P.I. definition of proximate cause. Therefore, it cannot be said that the jury passed on this point.

Under the view that we take of the evidence here, it is not necessary to consider the alleged errors with respect to a new trial. Accordingly, we find that the trial court should have allowed the post-trial motion granting judgment notwithstanding the verdict.

Judgment reversed.

EBERSPACHER, P. J., and CREBS, J., concur.