STANLEY PODRAZA, Plaintiff-Appellee, *v.* H. H. HALL CONSTRUCTION COMPANY, INC., *et al.*, Defendants.—(GLOBE ENGINEERING COMPANY, Defendant-Appellant.)

Fifth District   No. 75-194

Opinion filed June 28, 1977.

Pope and Driemeyer, of East St. Louis, for appellant.

Charles W. Chapman, of Chapman & Chapman, of Granite City, for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Defendant-appellant, Globe Engineering Company, appeals from a judgment of the Circuit Court of Madison County entered upon a jury verdict in favor of plaintiff-appellee Stanley Podraza. The verdict was in the amount of $250,000.

Plaintiff sued defendant Globe Engineering Company and others to recover damages for injuries which he claimed resulted from an incident on October 14, 1970, at the Swift and Company plant located at the National Stockyards in East St. Louis. Plaintiff, an electrician employed by Swift, was pulling an electrical line from the ground in an effort to locate a break in the line and fell backwards onto a piece of conduit when the line came loose from the ground as he tugged on it.

Plaintiff alleged that Globe, the architect on a construction project at Swift & Co., was in control of the line because it was within the construction area, and charged that the defendant negligently failed to supervise the installation and maintenance of the line and negligently allowed it to be present in an unsafe condition within a construction area.

The suit was tried on the issues made by plaintiff's amended complaint and defendant's answers thereto. At the conclusion of plaintiff's evidence at trial, verdicts were directed in favor of all defendants other than Globe.

The jury found in favor of the plaintiff against Globe in the amount of $250,000; the court entered judgment on the verdict.

The following issues were presented by the defendant-appellant for review:

(1) Whether plaintiff was contributorily negligent as a matter of law;

(2) Whether a duty was owed to the plaintiff by the defendant-appellant, the Globe Engineering Co.;

(3) Whether there was any evidence at the trial that defendant's conduct was the proximate cause of plaintiff's injury;

(4) Whether plaintiff violated the protective order entered pursuant to plaintiff's motion;

(5) Whether plaintiff's conduct while testifying entitles the defendant to a new trial;

(6) Whether the trial court erred in permitting plaintiff's expert to interpret the contracts between the parties;

(7) Whether the trial court erred in permitting plaintiff to withdraw his negligence allegations and substitute new negligence allegations;

(8) Whether the verdict was excessive.

The circumstances surrounding the occurrence of the plaintiff's injury are essentially undisputed. On October 14, 1970, plaintiff, who had worked for Swift & Co. for 25 years, was ordered by one of Swift's foremen as a part of a six-man crew to locate a break in an electrical line which ran from a building designated L-18 to well 18. The line was partially located within the construction site, and was partially buried to a depth of about 12 inches. It lay partially above ground. In an effort to locate the underground break, plaintiff and his crew pulled on each of the three wires which made up the line. Plaintiff was standing on a slope of about a 35-degree angle, and the ground was muddy. His difficulty with the mud during the two hours of work preceding his accident had prompted him to discard his gloves. The first two wires came out of the ground with a slight effort. The third wire did not come loose at first, so plaintiff gave it an extra jerk. The wire flew out of the ground, causing the plaintiff to lose his balance and fall backward onto a piece of capped conduit protruding from the foundation to his rear. The plaintiff sustained severe back injuries in the fall.

Swift & Co. was having a new pork plat constructed at National Stockyards at the time of plaintiff's accident. Construction had begun in January 1970, and Globe had prepared the plans and specifications for the project, which involved various contractors. Globe's function was to see that the construction project complied with the plans and specifications. According to the contracts between Globe and other contractors on the

project, Globe had the authority to stop any procedure within the construction area that threatened the safety of life or property.

The testimony at trial established that well 18 was not involved in the construction project, and that Globe had prepared no plans to keep the well in operation during construction. Globe was not consulted by Swift & Co. as to the plans for installation of the line, and took no part in putting it in. On the day in question, the defendant's foreman notified Swift's foreman of the break in the line, but otherwise gave no instructions as to operations on the line. The presence of an electrical line not buried to at least 18 inches or not placed in a conduit in a construction area where there was the possibility of vehicular traffic over the line was in violation of the National Electrical Code.

■■  Defendant contends that the court should have directed a verdict in its favor because the plaintiff was contributorily negligent as a matter of law. It is true that under Illinois law the plaintiff must prove that he exercised due care for his own safety in order to recover from a negligent defendant. (*Jellen v. New York, Chicago & St. Louis R.R. Co.*, 53 Ill. App. 2d 44, 202 N.E.2d 665.) And, ordinarily the question of plaintiff's contributory negligence is one of fact to be decided by the jury. (*Geraghty v. Burr Oak Lanes, Inc.*, 5 Ill. 2d 153, 125 N.E.2d 47.) However, when the facts relating to the exercise of due care rest solely upon plaintiff's own testimony, and the attendant circumstances are not in dispute, the court has the duty of determining whether he, in fact, used ordinary caution for his own safety. (*Day v. Barber-Colman Co.*, 10 Ill. App. 2d 494, 511, 135 N.E.2d 331; *Ferguson v. Southwestern Bell Telephone Co.*, 8 Ill. App. 3d 890, 290 N.E.2d 429; *Reid v. Employers Mutual Liability Insurance Co.*, 14 Ill. App. 3d 174, 302 N.E.2d 108; *Shannon v. Addison Trail High School*, 33 Ill. App. 3d 953, 339 N.E.2d 372.) *Ferguson* explains that this rule does not mean that if the testimony is undisputed and uncorroborated the court must find contributory negligence as a matter of law, but established the framework within which a case should be determined as a matter of law.

Because Mr. Podraza was the only one to testify to the events from which his injury resulted, it is clear that the issue of his contributory negligence is one that should have been determined as a matter of law. It was therefore error to submit the issue to the jury. Although the court is reluctant to overturn a finding of the jury, such action is proper here because the issue should have been determined as a matter of law, and the finding of the jury was clearly against the weight of the evidence.

■■ ■  In the case at bar, taking the plaintiff's testimony with all inference most favorable to him, we find that he failed to exercise due care for his own safety. The applicable standard for determining the

plaintiff's contributory negligence as a matter of law is cited in *Day v. Barber-Coleman Co.*, and is as follows:

"If a plaintiff has available to him two different methods or ways of doing a job, performing a task, or proceeding,—one previously tried and known to be safe,—the other either unknown and unexplored or known to involve certain possible hazards,—and he chooses the method which is unknown and unexplored or known to involve certain possible hazards, and is injured in the process, he is contributorily negligent as a matter of law." 10 Ill. App. 2d 494, 511.

It is also the law that where the employee is not directed to do the work in a specific manner, but is given a general order to perform the task, and he himself is left to use his own discretion as to the manner in which the work shall be done and there is a safe way and a dangerous way, which are all equally open to him, if he selects the unsafe method through heedlessness or because it involves less exertion on his part, and injury to his person results, he cannot recover. *Koch v. Chicago & N.W. Ry. Co.*, 208 F.2d 152 (7th Cir. 1953). Combining these standards with the holding in *Day*, to the effect that where the plaintiff is thoroughly familiar with a possible hazard involved in the performance of his job and with the means to avoid such, the fact that at a particular time he may have been momentarily unmindful thereof, forgetful thereof or have overlooked the same, does not absolve himself from the duty of observing due care for his own safety. It is clear that the plaintiff's choice of a careless method to perform his work prevents his recovery from the defendant.

The plaintiff's own testimony indicates that he was familiar with the line, having buried part of it himself and having been sent out by Swift & Co. to repair it at least three times prior to October 14, 1970. Being an electrician, the plaintiff was aware of the hazards in working with an electrical line, and having some 25 years' experience, he knew the proper methods of locating a break in an underground line. Plaintiff testified that it was "real muddy" and slippery that day; in fact he had had "minor little spills" earlier in the morning. He stated that at the time of the accident he was standing on a slope three or four feet above ground level, tugging on the line to pull it up. He also had observed that he was working close to a building from which a piece of capped conduit protruded at a height of approximately 18 inches. The chances of slipping and falling under such circumstances should have been obvious to a man of ordinary ability and intellect.

Plaintiff testified that the most acceptable method of finding an underground break in the line would have been to dig the wire up with shovels or other digging tools. Yet the plaintiff used first a screwdriver to

try to dig up the wire, and when this proved inadequate, he proceeded to pull up the line with his bare hands.

The plaintiff did not ask his foreman for any tools. He did help himself to another (not part of the electrical crew) worker's shovel for a while, but returned it upon the worker's arrival. The plaintiff thereby indicated his awareness of the necessity, efficiency and safety of a shovel for the job. He also testified that it would only have taken 10 or 15 minutes to locate someone from Swift & Co. who could tell him where to obtain a proper tool. Rather than do this, because it was more convenient or expedient, the plaintiff chose an obviously hazardous method to work, considering the conditions of the day. The plaintiff himself realized the consequences of such a procedure when he agreed at trial that his pulling action resulting in the cable's coming out of the ground more suddenly than expected was the real cause of his fall.

██ Clearly such action by the plaintiff establishes that he failed to exercise ordinary care for his own safety. He knew there was a safer, more efficient way to work, yet chose the more expedient method. The dangers of falling under such physical conditions were obvious; a man of ordinary intelligence should have known of the hazards from such a procedure. Even though the plaintiff may have been just momentarily unmindful of the dangers involved or may have overlooked them, he still was required to use due care for his own safety. Because he did not, plaintiff is contributorily negligent as a matter of law and cannot recover from the defendant.

Defendant asks this court to rule that as a matter of law its alleged failure to supervise the installation and maintenance of the line, and its allowing the line to exist on the construction site, were not the proximate cause of the plaintiff's injury. We must agree.

██ Illinois Pattern Jury Instruction No. 15.01 defines proximate cause as "that cause which, in natural or probable sequence, produced the injury complained of." Using this definition, long sanctioned by the courts, it is clear that the existence of a wire contrary to customary safety precautions was not the proximate cause of plaintiff's injury. The fact that the wire ran through the construction site in an unsafe manner, assuming arguendo that it did, did not produce plaintiff's injury. At best, it did nothing more than furnish a condition upon which the plaintiff's independent negligent actions operated to produce the injury.

The defendant-appellant properly cites *Merlo v. Public Service Co.*, 381 Ill. 300, 45 N.E.2d 665, and *Ferguson v. Southwestern Bell Telephone Co.*, 8 Ill. App. 3d 890, 290 N.E.2d 429, to support the "furnishing-a-condition" theory. In *Merlo*, the negligence charged against the defendant was its failure to properly maintain insulation on its overhead electric wires, and its failure to keep the wires from sagging from the poles. The

plaintiffs' decedents were electrocuted while working in a sewer construction area when a drag line machine was operated by another company in such a way that the crane touched the exposed wires. The Illinois Supreme Court found the failure of the Public Service Company to maintain the insulation was not the proximate cause of the injuries, stating that "if the negligence charged does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent independent act of a third person, the creation of the condition is not the proximate cause of the injury where the subsequent act is an intervening efficient cause which breaks the causal connection between the original wrong and the injury, and itself becomes the proximate or immediate cause. The cause of an injury is that which actually produces it, while the occasion is that which provides an opportunity for the causal agencies to act." 381 Ill. 300, 316.

In *Ferguson*, where the plaintiff was injured when he fell from the cab of a wet truck where he had stood to lift telephone wires so that the truck could pass underneath, the court refused to find the low height of the defendant's wires the proximate cause of plaintiff's injuries. The court stated:

> "In this particular case, the intervening force was entirely independent; there was nothing about the wire which required the plaintiff to assume the position which he assumed under the attendant circumstances; * * *. [W]e do not find circumstances from which we consider that it might properly be found that the conduct of the plaintiff * * * was probable or reasonably foreseeable. The plaintiff's proof fails as a matter of law to prove the necessary element of proximate cause." 8 Ill. App. 3d 890, 895.

Likewise in *Koch v. Chicago & N.W. Ry. Co.*, 208 F.2d 152 (7th Cir. 1953), when a train did not stop in its customary place and a railway express agency driver was unable to back his truck squarely against the train and instead straddled a triangular space between the car and truck from which he fell, the court based its decision for the defendant "on the grounds that the plaintiff had chosen an obviously dangerous way to work, and therefore, his negligent act in placing himself in a dangerous and awkward position was the proximate cause of his injury." 208 F.2d 152, 154.

■■ These situations are closely analogous to the one at bar. While the existence of the wire in the construction area over which Globe had control furnished a condition, it was the plaintiff's intervening, independent act of pursuing a careless method of removing the line from the ground, a method neither necessary nor prudent, that caused his injury.

There was no emergency, no immediate danger here which existed to require hasty or precipitous action. Globe did not direct the plaintiff to proceed in the manner he chose, and Globe was not responsible for providing tools to Swift & Co. employees. As in *Merlo, Ferguson* and *Koch*, the existence of the unsafe line in the construction area merely furnished a condition upon which the plaintiff's negligence operated to produce his injury. It was this negligence of the plaintiff that was the legal, proximate cause.

It is true, as plaintiff claims, that the question of proximate cause is ordinarily one of fact, and can only be a question of law when the facts are not only indisputable but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. (*Merlo.*) This case fits squarely within these confines, and as the courts did in *Merlo, Ferguson*, and *Koch*, upon facts closely analogous to those at bar, this court rules that the circumstances are such to support its judgment that as a matter of law the appellant's actions were not the proximate cause of plaintiff's injuries.

Because of our holding that plaintiff was guilty of contributory negligence as a matter of law, and that defendant's failure to supervise the installation and maintenance of the electrical line and allowing the line to exist on the construction site were not the proximate cause of plaintiff's injury, it is not necessary to consider the other alleged errors with respect to appellant's request for a new trial. Accordingly, we find that the trial court of Madison County should have allowed the post-trial motion granting judgment to the defendant notwithstanding the verdict.

Judgment reversed.

JONES and KARNS, JJ., concur.