SALVATORE LOSCHIAVO, Plaintiff-Appellee, *v.* GRECO CONTRACTORS, INC., Defendant-Appellant.

First District (4th Division)    No. 80-358

Opinion filed March 19, 1981.—Supplemental opinion filed on denial of rehearing June 10, 1982.

Schaffenegger, Watson & Peterson, Ltd., of Chicago (Jack L. Watson, of counsel), for appellant.

Lucaccioni & Glockstein, of Chicago (Ronald J. Lucaccioni, of counsel), for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The plaintiff, Salvatore Loschiavo, was injured on August 7, 1974, at about 3 a.m., while driving along a road under construction when he went across an unpaved portion of the highway. He brought suit against defendant, Greco Contractors, Inc. There was testimony that at the time of the accident there was no barricade at the place where plaintiff entered the highway under construction nor were there any barricades on the new paved portion between the place where the plaintiff entered and the point of the accident although there were barricades with blinking lights on the strip between the open and closed sections of the highway. The trial court believing that the action fell under "An Act to protect workmen and the general public from injury or death during construction * * * of * * * highways within the State of Illinois (Ill. Rev. Stat. 1973, ch. 121, pars. 314.1 through 314.8), ruled that contributory negligence was not a defense and refused to submit that issue to the jury. After the jury found for the plaintiff the defendant appealed. We reverse.

It is clear from the record that the jury could have found the plaintiff guilty of contributory negligence had that issue been submitted to it. Plaintiff testified that he had driven by the road earlier that day while it was still daylight and noticed that the road was under construction. Knowing the road was under construction, he still chose to drive on it at about 3 a.m. He testified that he recalled seeing road equipment and a pile of gravel but he did not take his foot off the gas when he saw them. When he went off the pavement into the gap, his speed was about 35 miles per hour. Furthermore he testified that he had only his dim lights on even though there was no traffic on the highway directly to his left coming towards him and there was no traffic going in his direction in the same lane. There was testimony that after the accident the plaintiff told the investigating officer that he had been cut off by another car.

Accordingly, the only issue before this court is whether the trial court erred in refusing to submit the issue of contributory negligence to the jury. If it did, then the error clearly was prejudicial and the case must be reversed since the burden to prove due care is on a plaintiff (*Vandermyde*

*v. Chicago Transit Authority* (1979), 73 Ill. App. 3d 984, 392 N.E.2d 48; *Podraza v. H. H. Hall Constuction Co.* (1977), 50 Ill. App. 3d 643, 365 N.E.2d 944, *appeal denied* (1977), 66 Ill. 2d 636; *Porter v. County of Cook* (1976), 42 Ill. App. 3d 287, 355 N.E.2d 561), and there was ample evidence from which the jury could have found this plaintiff negligent.

■■■ Ordinarily a defendant's violation of a statute which is designed to protect human life or property but which does not expressly create a cause of action is only *prima facie* evidence of defendant's negligence. (*Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93.) In such a case, contributory negligence or assumption of the risk will bar recovery unless the statute provides that these defenses are not available. (*Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 384 N.E.2d 323.) If a statute expressly creates a cause of action, then proof of a violation of the statute is conclusive proof of defendant's negligence. (*Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 384 N.E.2d 323.) However, the supreme court in *Barthel* also held that ordinarily such a statute did not impose strict liability and did not eliminate the defense of contributory negligence. The court distinguished the statute involved in that case, the Public Utilities Act, which was designed to protect the general public, from such statutes as the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 94 *et seq.*), the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*), and the Child Labor Law (Ill. Rev. Stat. 1977, ch. 48, par. 31.1 *et seq.*), where the courts have found a legislative intent to impose strict liability, on the ground that those statutes were designed to protect, not the general public, but special classes such as children, intoxicated persons and employees who are unable to protect themselves.

Sections 4 and 6 of "An Act to protect workmen and the general public * * * during construction * * * of * * * highways" provide:

"Any portion of highway or bridge which is closed to all traffic shall be marked at each place where vehicles have accessible approach to such portion of highway or bridge, and at a sufficient distance from the closed portion of such highway or bridge shall be marked with an adequate number of safe, suitable, and proper warning signs, signals or barricades as set forth in the Manual of Uniform Traffic Control Devices for Streets and Highways published by the Department of Transportation so as to give warning to approaching motorists that such portion of bridge or highway is closed and unsafe for travel." (Ill. Rev. Stat. 1973, ch. 121, par. 314.4.)

"Any contractor, subcontractor, or his authorized agent or driver of any motor vehicle who knowingly or wilfully violates any provision of this Act, shall be responsible for any injury to person or property occasioned by such violation, and a right of action shall

accrue to any person injured for any damages sustained thereby; and in case of loss of life by reason of such violation, a right of action shall accrue to the widow of the person so killed, his heirs, or to any person or persons who were, before such loss of life, dependent for support on the person so killed, for a like recovery of damages sustained by reason of such loss of life." Ill. Rev. Stat. 1973, ch. 121, par. 314.6.

Since section 6 is clearly designed to protect the general public and not a special class, it would appear that, following *Barthel*, the plaintiff would be required to prove that he had been in the exercise of due care. However, in the recent case of *Kawolsky v. McDougal Hartmann Co.* (1980), 84 Ill. App. 3d 410, 405 N.E.2d 855, *aff'd* (1981), 84 Ill. 2d 461, the Third District Appellate Court in construing this statute held that since section 6 required the violation to be *knowing* or *wilful*, contributory negligence was not a defense. In *Kawolsky*, the trial court had dismissed a complaint which alleged that the defendant knowingly and wilfully violated section 4 of the act but which did not allege that plaintiff's decedent had been in the exercise of ordinary care. The appellate court reversed.

We need not decide if *Kawolsky* is a correct statement of Illinois law, since it is not applicable here. The decision in *Kawolsky* was based on the fact the statute required the violation to be wilful and the complaint so alleged. In the present case, plaintiff merely alleged that defendant was guilty of certain specified "negligent acts and omissions." There was absolutely no allegation of a wilful violation of the statute. Indeed, the plaintiff did not allege the violation of any statute until the day of the trial. Likewise, at trial the jury was instructed that there was a statute requiring that a closed portion of a highway be marked with an adequate number of warning signs or barricades and that "any contractor or his authorized agent who violates any provision of this Act shall be responsible for any injury to persons occasioned by such violation and a right of action shall accrue to any person injured for damages sustained thereby." The instruction did not limit liability to occasions where the violation was wilful. Nor did any other instructions require the jury to find defendant's violation of the statute to be wilful. Indeed, under the instructions the jury could have found for the plaintiff even if the defendant's failure to maintain barricades at the time of the accident was involuntary and unknowing and the plaintiff was guilty of contributory negligence or even guilty of wilful misconduct. Even *Kawolsky* did not so hold.

In addition, while the issue was not raised by the defendant, it is doubtful whether there was any evidence presented of any statutory violation. Section 4 of the Act requires the contractor to comply with the requirements set forth in the Manual of Uniform Traffic Control. At trial

the contractor was examined as to the requirements set forth in the contract and in certain plans made a part of the contract. There was no evidence that the requirements of the Manual were the same as those set forth in the contract and the plaintiff never argued that the defendant violated any requirements set forth in the Manual. The contract could, of course, create additional duties to the public, but a violation of these duties would not be a violation of sections 4 and 6 of the Act.

■■ It is clear, therefore, that the trial court erred in refusing to submit the question of contributory negligence for jury consideration. Because, as we have already noted, it is not necessary to a disposition of this case, we do not consider whether we believe *Kawolsky* properly construed section 6 of the Act. We do note, however, that the court in *Kawolsky*, 84 Ill. App. 3d 410, 415, 405 N.E.2d 855, 859 concluded that: "Neither workmen nor the general public can protect themselves from injury where a highway * * * has been closed without warning signs or devices unless all persons proceed upon all highways * * * at all times as though construction obstructions are to be expected without warning. To impose such a standard of due care upon all drivers would be totally unrealistic." This reasoning would seem to be inapplicable where the driver admittedly was aware that the highway was under construction.

Accordingly the judgment of the trial court is reversed and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

JIGANTI and LINN, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE ROMITI delivered the opinion of the court:
■■■ Plaintiff has filed a motion for rehearing relying on the Supreme Court's affirmance of *Vegich v. McDougal Hartmann Co.* (1981), 84 Ill. 2d 461, 419 N.E.2d 918. We are, of course, bound by the Illinois Supreme Court's holding that the statute creates strict liability if the conditions laid down in the statute are present. However, as we held in our initial opinion, the statute is at present inapplicable in this case for the reasons set forth in that opinion. Plaintiff contends that he did, in fact, amend his complaint to set forth the statutory action. This may be true, but this court is bound by the record. (2 Ill. L. & Prac. *Appeal & Error* secs. 511, 514 (1953).) We have searched the record and have been unable to find therein any amended complaint alleging a statutory cause of action. In any event, as we held in our original opinion, plaintiff failed to produce

evidence establishing the statutory cause of action or submit appropriate instructions adequately and accurately setting forth the provisions and requirements of the statute, including the knowing or wilful violation thereof.

Petition for rehearing denied.

JIGANTI and LINN, JJ., concur.